## Gritz, Appellant, *v*. Gritz et al.

Argued May 15, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Maurice A. Granatoor,* for appellant.

*Maurice W. Sporkin,* with him *Charles H. Sporkin,* of *Sporkin & Sporkin,* and *Meyer Love,* for appellees.

OPINION BY MR. JUSTICE DREW, June 19, 1939:

The proceeds of two insurance policies upon the life of Harry Gritz were paid to his mother as the named beneficiary. His widow filed this suit in equity, seeking to establish a parol trust in her favor of the face amount of one of the policies. From the decree dismissing the bill, she has appealed.

The bill avers, inter alia, that on several occasions prior to their marriage, the insured stated to the plaintiff that he intended to name her beneficiary of one of his two policies; that shortly after their marriage, and while confined in the hospital with his fatal illness, the insured agreed with his mother that he would not change the beneficiary of one of the policies from her to his wife, if in the event of his death she would pay over the proceeds of one policy to the plaintiff; that relying on the promise of his mother so to do, the insured did not exercise his legal right to change the beneficiary to his wife; and that after the death of the insured, the mother received the proceeds of both policies and in violation of the trust thus imposed upon her has refused to pay over the sum of $5,000 of which she is trustee.

In an endeavor to prove the trust averred, plaintiff took the stand in her own behalf, but, over the objection of her counsel, the learned chancellor ruled her to be incompetent, under the Act of May 23, 1887, P. L. 158, to testify to matters occurring in the lifetime of her husband, the insured. The refusal to allow plaintiff to so testify is made the subject of the tenth and eleventh assignments of error, which must be sustained.

In *Hamill v. Supreme Council of the Royal Arcanum*, 152 Pa. 537, a suit by a deceased member's widow against a beneficial association for the proceeds of a benefit certificate, in which she was named beneficiary, this court held that members of the association were competent witnesses to show that the husband was not in good standing as a member at the time of his death,

and that the Act of 1887 did not apply. We said (p. 542) : "It is very plain to us that the exception of the 5th section of the statute is inapplicable, for the very simple reason that no right of the deceased to the subject in controversy has passed, either by his act or by the act of the law, to the plaintiff. The deceased never had any right to the benefit which was to be paid to his wife. It was hers and hers only, payable to her exclusively, and, of course, no one but she could maintain any action for its recovery. She is a living person and no other person ever had or could have the right to recover this money. As between her and the defendant there is a clear contention as to whether the funds shall be paid by the defendant to her, and there is no contention, and cannot be, upon that subject, as between the defendant and the legal representatives of the deceased. The plaintiff is not such a representative. She takes, if she takes at all, in her own right alone as the beneficiary of the fund, and she does not represent any right or interest of her deceased husband in the fund. She represents herself and her own rights only in the subject in controversy. . . . We are very clearly of opinion that the several witnesses, whose testimony was received in this case under objection of their competency, were entirely competent and were properly allowed to testify." In *Broadrick v. Broadrick*, 25 Pa. Superior Ct. 225, a member of a beneficial association designated his mother as beneficiary, but subsequently entered into an agreement with plaintiff, a woman who was ignorant of his existing marriage, that if she would marry him he would substitute her as beneficiary. Sometime after the procurement of a marriage license and the performance of a wedding ceremony, the member died without having made the agreed substitution, and both the mother and the woman claimed the fund. There, also, the Superior Court, in an opinion by President Judge RICE, held the woman plaintiff to be a competent witness. The doctrine was stated in *Solis v. Blank*, 199

Pa. 600, 604, in the following language: "The right to the benefit was never in the member. It was in the beneficiary and no one other than she could maintain an action for its recovery. She took in her own right alone as the beneficiary of the fund, and did not represent any right or interest of her deceased husband." In the instant case, the wife is not seeking to upset the validity of the naming of the beneficiary, but rather to show that the beneficiary named is a trustee. The estate of the deceased husband could under no circumstances benefit by or be affected whether the trust would or would not be sustained. If it is sustained, the wife will get the fund in her own right; if it is not sustained, the mother will get it. Therefore, it is clear that the decedent's estate would in no way be affected by the testimony offered, and that the learned chancellor was in error in refusing its admission.

A trust as to personal property may be established by parol: *Smith's Est.,* 144 Pa. 428; and a beneficiary, named in a policy of insurance, may become a trustee of the proceeds, either by express agreement, or by force of the attendant circumstances, whether or not he be designated as such in the policy: *Fidelity T. & Tr. Co. v. Graham,* 262 Pa. 273. To establish a trust by parol, the plaintiff must furnish proof which is clear, precise and indubitable: *Washington's Est.,* 220 Pa. 204; *Donithen v. I. O. of F.,* 209 Pa. 170. The learned chancellor found the evidence adduced in the instant case fell short of the required proof to show actual creation of a trust by the assured in favor of plaintiff in the proceeds of one of the policies here in question. However, had plaintiff been permitted to testify as to relevant matters, within her knowledge, occurring in the lifetime of the insured, which she had the legal right to do, it may be that she could have carried the burden cast upon one attempting to establish a trust under such circumstances. For this reason, the decree must be reversed; and since the case must, therefore,

be returned to the court below for further hearing, the other assignments of error need not be considered.

The record is remitted for compliance with this opinion, costs to abide the final determination of the cause.