## CHAFFIN v. CHESAPEAKE & O. RY. CO.
### Civ. No. 9468.

United States District Court
E. D. New York.

Dec. 7, 1948.

Herman B. Gerringer, of New York City, for plaintiff.

White & Case, of New York City (Chester Bordeau and Robert F. Little, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

This action was begun in the Supreme Court, Kings County, and removed by the

defendant before answer to this court. From the complaint it appears that the plaintiff claims that while he was lawfully using the railroad embankment of the defendant, and walking across its tracks between Wharton, West Virginia, and Jarrell's Branch, West Virginia, he was struck by a train operated and controlled by the defendant, and suffered serious injuries.

The matter comes before the court now on a motion of the defendant in which it seeks a dismissal of the complaint on the ground that the court lacks jurisdiction over the subject matter for the reason that the exercise of jurisdiction would impose an undue burden upon interstate commerce, and that the court in its discretion should not assume jurisdiction for the reason that in the interest of justice and for the convenience of parties and witnesses the action should not be tried in this district.

The applicable statute covering forum non conveniens is Sec. 1404, subdivision (a), Title 28 U.S.C.A. and reads:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

From the affidavit in support of the motion it appears that the defendant is not now, nor has it ever been licensed to do business in the State of New York, though it has offices in the Borough of Manhattan for the solicitation of freight and passenger traffic, and employs a transfer agent and registrar for its stock; but it does not own nor operate any railroad tracks within the Eastern District of New York, nor is it doing any business in this district. The plaintiff, in his complaint as served in the State Court action on October 14, 1948, alleges that he is a resident of the County of Kings. But it appears that on or about June 9, 1948 the plaintiff commenced an action in the United States District Court for the Southern District of New York based upon the same facts, and seeking the same relief, at which time he conceded that he was still a resident of West Virginia. In passing it may be said that the complaint in that action was dismissed upon the motion of the defendant made upon the same grounds as stated in the present motion.

It is in the first place open to question whether the plaintiff is a bona fide resident of the County of Kings, and whether he did not establish temporary residence to enable him to bring suit in that county. In such circumstances, as was said by Mr. Justice Brandeis in Michigan Central R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 209, 73 L.Ed. 470, the fact that the plaintiff had acquired a residence within the State of Missouri "before commencing the action does not make reasonable the imposition upon interstate commerce of the heavy burden which would be entailed in trying the cause in a state remote from that in which the accident occurred and in which both parties resided at the time".

The recently enacted forum non conveniens provision of Title 28, U.S.C.A. § 1404 (a), gives this court discretion to examine the question of "convenience of parties and witnesses, in the interest of justice" in determining venue. Defendant's opposing affidavit shows that the defendant expects to raise the defense of contributory negligence in that the plaintiff was intoxicated and was lying between the tracks at the time of accident. Defendant's witnesses will consist of the engineer and fireman on the locomotive involved in the accident; the doctor who treated the plaintiff on the night of the accident, a resident of Madison, West Virginia; a Mrs. Lucas, a resident of Bim, West Virginia, and of other witnesses as well, presently unknown to the defendant pending investigation of plaintiff's intoxicated condition just prior to the accident; and also of the defendant's claim agent. It is thus seen that this will cause a considerable burden upon the defendant to bring its witnesses a distance of some 400 miles and at some expense. Among other matters it appears that the defendant cannot, as suggested in plaintiff's opposing affidavit, bring its witnesses to New York on its own lines.

Sufficient facts are thus disclosed to warrant the conclusion that it would be in the interest of justice to transfer the action to a district in which it might have been brought. Indeed it does appear now from the affidavit of the attorney for the plaintiff that an action on the same facts was commenced on November 8, 1948 against

the defendant in the United States District Court for the Southern District of West Virginia. That is where the issues should be tried.

This action will, therefore, be removed to the United States District Court for the Southern District of West Virginia. Settle order.