## ST. PAUL FIRE & MARINE INS. CO. v. AMERICAN MAIL LINE, Limited.

United States District Court
S. D. New York.
Oct. 20, 1950.

Richard T. Graham, New York City, proctor for libelant, by Seymour Simon, New York City, advocate.

Haight, Deming, Gardner, Poor & Havens, New York City, proctors for respondent, by Tallman Bissell, New York City, advocate.

GODDARD, District Judge.

This is a motion to dismiss or to transfer this suit in admiralty to the Western District of the State of Washington, Northern Division.

It is a suit in admiralty for cargo loss and damages in the amount of $5,515 in connection with eighteen shipments of flour from Vancouver, B. C., Canada to Manila, Philippine Islands on vessels operated by respondent. A libel was filed in this district and jurisdiction obtained by service of process in personam with clause of foreign attachment.

All parties are foreign corporations. Libelant is a Minnesota corporation. Respondent, a Delaware corporation whose main offices are in Seattle, Washington, does not do, and is not licensed to do, business within this state. It merely maintains a small office in New York City for the purpose of soliciting cargo for transportation by vessels of respondent from the Pacific Northwest ports to foreign ports. The New York City office has no authority to enter into contracts to bind respondent. None of respondent's vessels call at any port within this district. In fact, none call at any port on the East Coast. All records and files pertaining to the shipments by respondent are kept and maintained at Seattle. Most of the witnesses in this case reside in or near Seattle. If respondent were to be forced to defend this suit in this district, the cost of its defense might approximate the amount in controversy.

Respondent relies upon 28 U.S.C.A. § 1404(a) which provides as follows: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Libelant contends that Section 1404(a) does not apply to suits in admiralty. However, the language used by the Congress in this statute is broad enough to include admiralty cases. In Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 946, 959, 93 L.Ed. 1207, the Supreme Court

held that Section 1404(a) was applicable to suits brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., saying—"The reach of 'any civil action' is unmistakable. The phrase is used without qualification, without hint that some should be excluded."

Libelant's arguments are technical at best. There is no logical reason why Section 1404(a) should not apply to suits in admiralty.

■ It would be far more convenient for the parties and witnesses and justice would best be served if this case were transferred to the Western District of Washington, Northern Division.

Motion to transfer to the United States District Court for the Western District of the State of Washington, Northern Division, is granted.