408

BECKER et al.

v.

LYKES BROS. S. S. CO., Inc.

ANTONIO CASTIGLIONI & FIGLI et al.

v.

LYKES BROS. S. S. CO., Inc.

GOSHO CO., Limited et al.

v.

LYKES BROS. S. S. CO., Inc.

(two cases).

United States District Court, S. D. New York.

Nov. 13, 1953.

Dow & Symmers, New York City, for libelants, Daniel L. Stonebridge, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, and Terriberry, Young, Rault & Carroll, New Orleans, La., for respondent; Norman M. Barron, Elliott B. Nixon, New York City, of counsel.

GODDARD, District Judge.

This is a motion by respondent in these four libels, seeking the dismissal of the actions on the ground of forum non conveniens, or, in the alternative, an order under Title 28 U.S.C.A. § 1404(a) transferring the cases to the United States District Court for the Eastern District of Louisiana at New Orleans.

The libels involve 90 separate claims for damage to shipments of cotton, shipped aboard 35 vessels of the respondent under clean bills of lading. Respondent denies liability and asserts that any damage occurred prior to shipment and that the principal issue will be the condition of the shipments when received for shipment, and when discharged abroad. All of these shipments were made from ports on the Gulf of Mexico directly to foreign ports.

The libelants are 40 foreign individuals or corporations. The respondent is a steamship company which maintains no steamship services to New York, though it maintains an agency here solely for the solicitation of freight. It is a Louisiana corporation with its offices in New Orleans.

Substantially all of the witnesses who could testify to the condition of the shipments prior to loading, and respondent's seagoing personnel aboard these vessels, which call regularly at New Orleans and Gulf ports, are located in New Orleans or thereabouts. To require their transportation to New York for trial would be extremely onerous and expensive. Many of the claims are for less than the expense of bringing them to New York. The records and documents pertaining to the various shipments are in New Orleans.

Libelants do not say that they plan to call witnesses from New York. Such is not likely to be the case. They do plan to use the testimony of surveyors from

the foreign ports of discharge. It would seem that these witnesses could as readily be produced at New Orleans as at New York. Libelants assert that it is in the interest of the insurance carrier that suit be brought here so that these foreign surveyors may conveniently testify in other suits being brought in this district.

I think it is apparent that the balance of convenience of the parties, and the witnesses, and the interests of justice require that these suits be transferred. St. Paul Fire & Marine Ins. Co. v. American Mail Line, D.C., 94 F.Supp. 28; Ortiz v. Union Oil Co. of Calif., D.C., 102 F.Supp. 492.

The motion to dismiss is denied, but the motion to transfer these cases to the Eastern District of Louisiana is granted.

Settle order on notice.