**Petition of BACKMAN et al.**

**THE DELAWARE.**

**No. 1714.**

United States District Court
D. Delaware.

July 27, 1954.

---

7. See footnote 2.

William H. Foulk, Wilmington, Del., and Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Pilots' Ass'n.

James R. Morford (of Morford, Bennethum & Marvel), Wilmington, Del., Krusen, Evans & Shaw, Philadelphia, Pa., and Ernest S. Wilson, Jr., Wilmington, Del., for Bowater's Newfoundland.

Henry A. Wise, Jr., and Oliver V. Suddard, Wilmington, Del., William M. Alper (of Freedman, Landy & Lorry), Philadelphia, Pa., for claimant Cain.

LEAHY, Chief Judge.

On May 17, 1953, a collision occurred between the Pilot Boat Delaware, owned and operated by the Pilots' Association, and the vessel Corner Brook, owned and operated by Bowater's Newfoundland Pulp and Paper Mills, Ltd. As a result of collision, both the Delaware and the Corner Brook were damaged and crew members and members of the Pilots' Association on board the Delaware sustained personal injuries. Subsequently, the Pilots' Association filed a petition in this court to limit liability pursuant to 46 U.S.C.A. § 181 et seq. In accordance with the monition, members of the Pilots' Association—Theodore G. Bennett, Earl T. Poole, William S. Ingram and George H. Orton, Jr.—filed claims for personal injuries; Louis Cain, a member of the crew of the Delaware, filed a claim for personal injuries; and Bowater's Newfoundland, owner of the Corner Brook, filed claims for ship damage.

Other separate libels in admiralty were later filed in the United States District Court for the Eastern District of Pennsylvania. Louis Cain filed a libel in admiralty against the Corner Brook and its owners, claiming damages for the same personal injuries. Otto Nilssen, another member of the crew of the Delaware, also libelled the Corner Brook for personal injuries. The Pilots' Association filed a libel against the Corner Brook claiming collision damage to the Delaware and reserving right to assert further claims on behalf of various members of the Pilots' Association for personal injuries. Thus, there are now pending three libels in admiralty filed in the District Court in Philadelphia and six claims filed in the limitation of liability proceedings in the District Court in Delaware. All claims arise from the same disaster. Claimant Cain seeks to transfer the limitation proceedings here to the U. S. District Court in Philadelphia in order to consolidate the pending cause for trial with the three admiralty suits against the Corner Brook there. Both the Pilots' Association and Bowater's Newfoundland oppose the peti-

tion for transfer. The application for transfer is made under Admiralty Rule 54, 28 U.S.C.A.[1] The parties concede desirability of having the actions consolidated instead of having separate trials in different courts. Admittedly, owners of both vessels have direct claims against each other for collision damage to their respective vessels. The personal injury claimants have claims against both vessels. Each vessel owner has a contingent claim against the other for such damages for which it may be held liable. Obviously all suits should be tried together if permitted under the law.

1. The Pilots' Association and Bowater's indicate they desire to have the Pennsylvania cases transferred to Delaware, while claimant Cain wishes the Delaware case transferred to Pennsylvania. The Pilots' Association argues 28 U.S.C.A. § 1404(a) applies to suits in admiralty and, therefore, the libels filed in Pennsylvania may be transferred to Delaware.

In Puget Sound Tug & Barge Co., Inc., v. The Go Getter, D.C., 106 F.Supp. 492, Judge McColloch held § 1404(a) was not intended to apply to admiralty. Cf. Sun Oil Co. v. Transcontinental Gas Pipe Line Corp., D.C.E.D.Pa., 108 F.Supp. 280. The Southern District of New York adheres to the position § 1404(a) applies to admiralty. St. Paul Fire & Marine Ins. Co. v. American Mail Line, D.C.S.D. N.Y., 94 F.Supp. 28; Becker v. Lykes Bros. S. S. Co., D.C.S.D.N.Y., 119 F. Supp. 408; Arrowhead Co. v. The Aimee Lykes, D.C.S.D.N.Y., 101 F.Supp. 895; Crawford v. Ann Arbor R. Co., D.C.S.D. N.Y., 94 F.Supp. 29. Other jurisdictions have similarly held. LeMee v. Streckfus Steamers, Inc., D.C.E.D.Mo., 96 F.Supp. 270; Paco Tankers, Inc., v. Atlantic Land & Improvement Co., D.C.N.D.Fla., 108 F. Supp. 406. Likewise, Professor Moore thinks § 1404(a) applies to admiralty:

"* * * because of the derivation of § 1404 and the need to blanket the field, the term 'civil action' in § 1404(a) might appropriately be construed to refer to any non-criminal proceeding, *including an action in admiralty, not otherwise specifically covered.*" Moore's Commentary on the U.S. Judicial Code, § 0.03 (29), page 207 (1949). (Emphasis added.)

This court, per Judge Rodney, has twice directed transfer of actions under the Jones Act, 46 U.S.C.A. § 688, on authority of § 1404(a). Bounds v. Streckfus Steamers, Inc., D.C.Del., 89 F.Supp. 242; Makela v. Wilson Transit Co., D.C.Del., (C.A. 1151, unpublished opinion). Recently, Judge Rodney denied transfer of a suit for maintenance and cure, and assumed § 1404(a) applied in admiralty. Busch v. Reiss S. S. Co., D.C.Del., 120 F.Supp. 886.

Judge McColloch suggested his misgivings in the Go Getter case, supra, § 1404(a) did not apply to admiralty. He said, 106 F.Supp. at pages 492–493:

"Because of my own interest, I have made some search of the authorities and, *while the question may be regarded as close,* I have concluded that [§] 1404(a) was not intended to apply to admiralty. In this conclusion *I find myself in disagreement with two District Judges,*[1] *who have held to the contrary.* St. Paul Fire & Marine Ins. Co. v. American Mail Line, Limited, D.C.1950, 94 F. Supp. 28; LeMee v. Streckfus Steamers, Inc., D.C.1951, 96 F.Supp. 270. * * *

"I confess that the difficulties of the position I am taking are increased by the comments of Justice Douglas, dissenting in a leading case under the new statute, United States

1. Admiralty Rule 54: "The District Court may, in its discretion, transfer the proceedings to *any* district *for the convenience of the parties.*" (Emphasis added.)

1. "On July 8, 1952, Mr. Tallman Bis-

sell of Haight, Deming, Gardner, Poor & Havens, wrote me that other New York District Judges had followed Judge Goddard's holding in 94 F.Supp. 28. Mr. Bissell was the successful advocate in that case."

v. National City Lines, Inc., 337 U.S. 78, 85, 69 S.Ct. 955, 93 L.Ed. 1226, and by the views expressed by my scholarly District Brother Yankwich in that case in the court below, D.C., 7 F.R.D. 456, reversed 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584; Id., D.C., 80 F.Supp. 734, page 737, note 18; affirmed 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226." (Emphasis added.)

 2. I think claimant is, in part, correct. Admiralty Rule 54 applies only to limitation of liability proceedings; i. e., under that rule the limitation proceedings here may be transferred to Philadelphia. But § 1404(a) is applicable to such Pennsylvania proceedings. § 1404 (a) fills the gaps of the various venue provisions of the Code. "[A]ny civil action" covered by § 1404(a) includes admiralty cases. If the criteria set forth in § 1404(a) are met, the Pennsylvania libels may be transferred to Delaware for consolidation with the limitation of liability proceedings. Admiralty Rule 54, applicable to limitation proceedings, permits transfer from here to Philadelphia only because of "convenience of the parties." Under § 1404(a) three tests are present: 1. convenience of the parties; 2. convenience of the witnesses; and 3. interest of justice. To transfer the Delaware limitation of liability proceedings to Pennsylvania, convenience of the parties is the sole criterion. On motion to the Philadelphia District Court, however, to have the libels there transferred here under § 1404(a), that Court has available the three separate criteria.

██ 3. There is no balance of convenience in favor of altering the present venue of the limitation of liability proceedings here. I believe the libels filed in the Eastern District of Pennsylvania can be transferred to Delaware under § 1404(a). But, it is for the Judges of the Eastern District of Pennsylvania to decide whether the three criteria are relevant to transfer the Pennsylvania libels for consolidation of proceedings in the Delaware limitation of liability action. The Pennsylvania Court must consider the relevant factors: a. convenience of the parties; b. convenience of the witnesses; and c. interest of justice.

No motion, however, to transfer the libels has been filed, as yet, in the Eastern District of Pennsylvania. A period of 30 days will be permitted to see if there is an attempt to transfer the libels to Delaware. In the interim, I shall withhold decision on Cain's motion directed to the transfer of the limitation proceedings from here to Philadelphia. It is clear if the Pennsylvania libels are transferred to the Delaware limitation of liability proceedings, I shall, of course, order consolidation of all causes.