**MUTUAL LIFE INS. CO. OF NEW YORK**

v.

**GINSBURG et al.**

**Civ. No. 11521.**

United States District Court,
W. D. Pennsylvania.

June 11, 1954.

Supplemental Opinion Dec. 1, 1954.

Edward L. Springer (of Smith, Buchanan, Ingersoll, Rodewald & Eckert), Pittsburgh, Pa., for Mutual Life Ins. Co. of New York.

Loyal H. Gregg, Pittsburgh, Pa., guardian ad litem for the two minors.

Harry Alan Sherman, Pittsburgh, Pa., for Paul Ginsburg.

E. B. Strassburger and E. B. Strassburger, Jr. (of Strassburger & McKenna), Pittsburgh, Pa., for Betty K. Hilsdorf.

MARSH, District Judge.

This action arises out of a dispute over the proceeds of certain policies of insurance on the life of Samuel A. Ginsburg, deceased. The guardian ad litem for the two minor sons of the deceased claims that the beneficial ownership of the fund is in the minor children and that Paul Ginsburg, a brother of the deceased, and the assignee of the policies and the beneficiary named therein, is merely a trustee of the proceeds for their benefit. Paul Ginsburg denies the existence of a trust and claims the fund in his own right.

On June 16, 1953, the Mutual Life Insurance Company of New York filed a complaint in interpleader pursuant to the Act of June 25, 1948, 28 U.S.C.A. §§ 1335, 1397 and 2361, and paid the fund into court. Neither the guardian nor Paul Ginsburg resisted the interpleader action, and on August 19, 1953, an order was entered discharging the insurance company from any and all liability on the policies of insurance involved in this litigation, and subsequently, on December 23, 1953, an order was entered framing an issue between the guardian as plaintiff, and Paul Ginsburg as defendant.

The complaint of the guardian and the answer thereto have since been filed and the case is now before the court on two motions: (1) plaintiff's motion for change of venue, and (2) defendant's motion for summary judgment. We will consider the latter motion first.

When the insurance policies in dispute were issued, Betty K. Ginsburg, wife of the insured, was named as beneficiary. About five months before the insured's death, because Betty was proceeding to obtain a divorce, the insured assigned the policies to Paul Ginsburg and made him the beneficiary.

The complaint alleges that:

" * * * at the time the aforesaid change of beneficiaries was made, the said late Samuel A. Ginsburg established a parol trust of the proceeds of said life insurance policies in favor of his minor children, and as consideration therefor and as an inducement for said change of beneficiary, * * * the said Paul Ginsburg agreed orally with the said Samuel A. Ginsburg to hold the proceeds of said policies * * * in trust for the benefit of the children of Samuel A. Ginsburg * * *."

In his answer the defendant denies that any such parol trust was established and agreed to by him. Accompanying his motion for summary judgment is a deposition of Emil O. Anderson, the attesting witness to the execution of the change of beneficiary forms, in which the witness states that at the time the forms were executed, no mention of a trust

agreement was made by either Paul or Samuel Ginsburg.

It is the defendant's position that, since no mention was made of a parol trust *at the time* the complaint alleges that it was established, *ipso facto*, there is no genuine issue of material fact in the case, and therefore, summary judgment should be entered in favor of the defendant under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A.

In opposition to the motion, the plaintiff has filed counter-affidavits by the insured's former wife and by Samuel Langerman, Esquire, the lawyer who represented her in her divorce proceeding. The substance of these affidavits is that on numerous occasions, Samuel Ginsburg stated that he had arranged that his children would receive the beneficial interest in the proceeds of his life insurance. It is the position of the plaintiff that these counter-affidavits disclose that there is a genuine issue of material fact for a jury to decide which precludes a summary disposition of the case under the rule.

The fact that there was no discussion concerning a trust agreement in the presence of Emil Anderson does not establish that no such agreement was made. In his motion and in his brief, the defendant emphasizes the fact that the complaint avers that the alleged trust was established "at the time the aforesaid change of beneficiaries was made." Defendant's position seems to be that, since no words of trust were spoken *at that time,* no trust could have been established. But it is conceivable, as the plaintiff's affidavits show, that a trust agreement could have been made prior to the date of the change of beneficiary forms and contingent upon their execution. If this were proved, then, upon execution of the forms, the trust would have been "established" as plaintiff avers.

Defendant contends that the evidence which plaintiff expects to introduce at the trial, as outlined in plaintiff's affidavits, would not be admissible because it violates the statute of frauds, the Act of 1887, May 23, P.L. 158, § 5, cl. [e] 28 P.S.Pa. § 322, and the parol evidence rule. We do not agree.

The Act of 1856, April 22, P.L. 532, § 4, 33 P.S.Pa. § 2, requires that trusts of real estate be in writing, but it has no application to trusts of personal property. In Pennsylvania trusts of personalty may be established by parol. Gritz v. Gritz, 1939, 336 Pa. 161, 7 A.2d 1, 122 A.L.R. 1297; Donithen v. Independent Order of Foresters, 1904, 209 Pa. 170, 58 A. 142. Likewise, it seems to be the law of the State of Arizona, where the alleged trust was created, that parol trusts are enforceable. See Cashion v. Bank of Arizona, 1926, 30 Ariz. 172, 245 P. 360.

In view of these decisions it is clear that the statute of frauds has no application to the instant case. It follows that, if trusts of personalty may be established by parol, the parol evidence rule does not apply.

The Act of 1887, above referred to, sometimes called the Dead Man's Act, 28 P.S.Pa. § 322, provides that if a party to a thing or contract has died and his interest is represented by a party on the record, any witness with an adverse interest is incompetent to testify as to any matter occurring prior to the death. But in the case *sub judice,* neither of the affiants, Betty K. Hilsdorf and Samuel Langerman, represents interests adverse to the deceased. See Gritz v. Gritz, supra.

It appears, therefore, that a substantial issue of material fact exists in the present state of the record which precludes a summary disposition of this case. Fountain v. Filson, 1949, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016.

### Motion to Transfer.

On May 1, 1953, the minor plaintiffs, by their mother, Betty K. Ginsburg, as guardian ad litem, filed a complaint against the Mutual Life Insurance Company of New York and Paul Ginsburg in the District Court of the United

States for the District of Arizona. On May 11, 1953, Paul Ginsburg filed a complaint against the insurance company in the United States District Court for the Southern District of New York. On June 16, 1953, the insurance company filed its complaint in interpleader in this court, paid the fund in controversy into court and was discharged from all liability on the policies in question by order of court dated August 19, 1953.

On July 23, 1953, Loyal H. Gregg, Esquire, then temporary guardian ad litem, and Betty K. Hilsdorf, the former Betty K. Ginsburg, moved the court for change of venue to the United States District Court for the District of Arizona. Prior to the argument on the motion, Betty K. Hilsdorf moved from Arizona and established legal residence in New York, taking with her the two minor plaintiffs.

On August 25, 1953, Judge Willson, of this court, denied the motion for change of venue, stating, along with other considerations, "The action is therefore now between the mother and the minor children on one side as plaintiffs, and Paul Ginsburg as defendant. All parties are, therefore, in the eastern part of the United States. The evidence of the witnesses may be secured under the Federal Rules, therefore, no adequate reason appears to justify an order changing the venue."

On December 23, 1953, Loyal H. Gregg, Esquire, was appointed permanent guardian ad litem for the minor plaintiffs.

On January 28, 1954, the guardian ad litem renewed his motion for change of venue for the reason that Betty K. Hilsdorf, her husband and the minor plaintiffs had once again established their legal residence in the State of Arizona.

Section 1404(a) of the Judicial Code, 28 U.S.C.A. provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The citizenship of the parties is the same now as at the time of the commencement of the action; the insurance company is a New York corporation; Betty K. Hilsdorf and the minor plaintiffs are citizens of Arizona and Paul Ginsburg is a citizen of Pennsylvania. Section 1397 of the Code provides that an action of interpleader may be brought in the judicial district in which one or more of the claimants reside. It is to be observed, then, that this action might have been brought in the District Court of Arizona.

■ In determining whether the doctrine of *forum non conveniens* should be applied to any given case, the court must consider the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; cost of obtaining attendance of willing witnesses; inconvenience of the parties; familiarity with the law to be applied to the case; and all other practical problems that might make trial of a case thorough, expeditious and inexpensive. See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

This controversy arises out of acts which took place in the State of Arizona between the insured and the defendant, Paul Ginsburg. The insurance policies were assigned in Arizona and the parol trust averred in the complaint was made, if at all, in Arizona. The witnesses for the plaintiffs and the defendant's witness, Anderson, are residents of Arizona.

The cost of transporting the five witnesses who will testify for the plaintiffs would be substantial, and an undue burden on both the witnesses and the plaintiffs.

The defendant contends that the case can be tried on depositions and that, therefore, the expense of transporting the witnesses could be eliminated. But the very nature of this action argues against that proposition. The plaintiffs allege a parol trust. Such a trust can only be established by evidence which is clear, precise and indubitable. In such

a case the trier of the facts should have the opportunity of observing the witnesses in order to pass upon their credibility.

In his affidavit in support of the motion for change of venue the guardian alleges that neither Betty K. Hilsdorf nor her children have the means to pay for the traveling expenses of the witnesses from Arizona to Pittsburgh, Pennsylvania. Furthermore, even if the cost of transporting the witnesses could be provided, it would nevertheless place a considerable burden upon the witnesses if they would be required to leave their businesses and personal affairs and travel to Pittsburgh for the trial. It is conceivable that a witness, whose testimony would consume half a court day, might be required to spend much more time away from his home if the case were tried in Pittsburgh, whereas the same witness would be available for call upon a few hours' notice if the case were tried in Phoenix.

■ Because the issue to be tried arose out of matters occurring in the State of Arizona, and in view of the fact that all of the witnesses who will testify at the trial are residents of Phoenix, Arizona, except the defendant, Paul Ginsburg, after balancing the conveniences and in the interest of justice, we conclude that this is a proper case for transfer pursuant to § 1404(a) of the Judicial Code.

The guardian is directed to submit an order in conformity with this opinion within fifteen days of this date.

### Supplemental Opinion.

As requested by the petition of Paul Ginsburg, I have reconsidered my decisions in the above matter. The briefs have been read and reread and another lengthy oral argument heard. I find no substantial reason to change my opinions.

With respect to the motion for summary judgment, by suggesting and giving the guardian the opportunity to secure counter-affidavits in Arizona, I perhaps exercised more care than necessary to ascertain whether the claim of the minor children was empty or vexatious; [1] but I was persuaded that something should be shown to pierce the allegations of fact in the formal pleadings in view of the affidavit of Emil O. Anderson submitted on behalf of Paul Ginsburg.[2]

As it turned out, the counter-affidavits submitted by the guardian not only supported the allegations set forth in the guardian's complaint, but satisfactorily demonstrated that there was a genuine issue of fact to be tried.[3]

■ In opposing the change of venue to Arizona, counsel for Paul Ginsburg asserted at the oral reargument that the Mutual Life Insurance Company of New York filed the interpleader in the Western District of Pennsylvania as a result of a compromise whereby all the parties thereto agreed upon the venue being laid in the Western District of Pennsylvania where no action was pending. Previously, the Insurance Company had been sued in Arizona by the minor claimants and in New York by Paul Ginsburg. The latter argues that because of this alleged agreement, the venue cannot now be transferred to Arizona pursuant to 28 U.S.C.A. § 1404(a). This contention fails because there is nothing on the record to support the existence of the alleged compromise agreement. It was not even mentioned, so far as I am aware, until the reargument.

He further contends that the order transferring the cause to Arizona "is not authorized by law and would be such a gross and arbitrary infliction of hard-

---

1. Cf. Frederick Hart & Co., Inc. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580.

2. See 6 Moore, Federal Practice, para. 56.04, and para. 56.15, pp. 2121, 2129 (1953).

3. Cf. Andrews v. Heinzman, D.C.1949, 9 F.R.D. 7, which involves a situation somewhat similar to the one at bar.

ship upon the defendant, Paul Ginsburg, as to warrant his taking or applying for a writ of prohibition against such a transfer in the Circuit Court, if necessary". He argues that the jurisdiction is fixed in this court by the interpleader statutes,[4] and that 28 U.S.C.A. § 1404(a), does not apply to this particular case. He further contends that "the law never surrendered and the decisions have never abandoned the right of the individual to be sued in his place of residence."

In view of these contentions, further consideration of § 1404(a) in connection with the interpleader statutes seems advisable.

Under the interpleader statutes, the stakeholder may bring the interpleader action "in the judicial district in which one or more of the claimants reside", e. g., in Phoenix, Arizona, or in Pittsburgh, Pennsylvania. 28 U.S.C.A. § 1397. The court in the district where the interpleader action has been brought has the power to "issue its process for all claimants * * * where the claimants reside or may be found". 28 U.S.C.A. § 2361. Thus the minor claimants and Paul Ginsburg were effectively joined as parties by the Insurance Company to its interpleader action in Pennsylvania.

In my opinion, after the interpleader action has been brought, the process issued and the interpleader granted, under § 1404(a) the venue may be changed by the court having jurisdiction over the parties and the subject matter, if it appears, as I think it does here, that the change is for the convenience of the parties and witnesses in the interest of justice.

Section 1404(a) by its terms applies to "any civil action" and it was intended to blanket the field and could appropriately be construed to include a contest between two claimants after interpleader has been granted.[5]

Section 1404(a) presupposes at least two forums in which the action can be brought; beyond doubt the interpleader could have been brought by the Insurance Company in either Arizona or Pennsylvania. It also furnishes the criteria for choice between these states by placing "in the hands of an impartial federal tribunal the determination as to where the suits can best be tried." [6] I tried to point out in my original opinion that the balance of conveniences and the interest of justice favor a trial in Arizona.

The weight usually given to a plaintiff's choice of forum, see Nicol v. Koscinski, 6 Cir., 1951, 188 F.2d 537; Mazinski v. Dight, D.C.W.D.Pa.1951, 99 F. Supp. 192, is absent here since the plaintiff Insurance Company which brought the interpleader has been discharged as a party and will not participate as such in the trial on the merits.

Counsel for Paul Ginsburg also complains that I am overruling my associate, Judge Willson. When Judge Willson refused to change venue, the minor claimants and their mother were residing in New York, and no affidavits had then been filed showing that all the witnesses to the alleged parol trust, other than the claimant Paul Ginsburg, reside in Phoenix. The return of the family of the minor claimants to Phoenix and the disclosure of the residences of the witnesses in that place have shifted the

4. 28 U.S.C.A. §§ 1335, 1397, 2361.

5. Cf. Ex parte Collett, 1949, 337 U.S. 55, 69 S.Ct. 949, 958, 93 L.Ed. 1207 (FELA); Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 1948, 166 F.2d 788, certiorari denied 1948, 335 U.S. 814, 69 S.Ct. 32, 93 L. Ed. 369 (civil anti-trust suit brought by the United States); Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111, certiorari denied, 1951, 340 U.S. 953, 71 S. Ct. 572, 95 L.Ed. 687 (civil anti-trust

suit between private litigants); Petition of Backman (The Delaware), D.C.Del. 1954, 122 F.Supp. 896 (Admiralty); Chaffin v. Chesapeake & O. Ry. Co., D.C. E.D.N.Y.1948, 80 F.Supp. 957 (a removed action governed by 28 U.S.C.A. § 1446(a). See also Moore, Commentary on the United States Judicial Code para. 0.03 [29], p. 207.

6. Paramount Pictures v. Rodney, note 5 supra, 186 F.2d at page 116.

926

balance of conveniences in favor of the change.

The order submitted by the guardian in conformity with the original opinion will be entered.