E. J. McMAHON and Sarah Louise McMahon, trading as E. J. McMahon & Company, Plaintiffs,

v.

FEDERAL INSURANCE COMPANY and Skinner & Ruddock, Inc., Defendants.

Civ. A. No. 718.

United States District Court
S. D. Georgia, Augusta Division.
May 13, 1955.

---

Congdon, Harper & Leonard, Augusta, Ga., William P. Congdon, Augusta, Ga., of counsel, for plaintiffs.

Robert McK. Figg, Jr., Meyer, Goldberg & Hollings, Charleston, S. C., and Hull, Willingham, Towill & Norman, Augusta, Ga., Robert M. Hollings, Charleston, S. C., and John Bell Towill, Augusta, Ga., of counsel, for defendants.

SCARLETT, District Judge.

The above-entitled action was commenced in the Superior Court of Richmond County, Georgia by personal service of process upon the defendant, Federal Insurance Company, and by statutory service upon the defendant, Skinner & Ruddock, Inc., through the Secre-ʈary of State of the State of Georgia. Thereafter by petition for removal dated November 23, 1954, the defendants removed the within action from the Superior Court of Richmond County, Georgia, to this Court on the ground of diversity of citizenship and, after said removal, the defendants moved for a transfer of this case to the United States District Court for the Eastern District of South Carolina at Charleston, South Carolina on the ground that such transfer would be for the convenience of parties and of witnesses and in the interest of justice and was thus authorized by 28 U.S.C. § 1404(a). The motion of the defendants for transfer was accompanied by an affidavit of John Bell Towill, Esquire, of counsel for the defendants, and by copies of papers of record in Chatham County, Georgia, indicating that on December 18, 1952 any indebtedness of the defendants to the plaintiffs growing out of certain work done by the plaintiffs in the construction of the Chatham Apartments in Savannah, Georgia had been acknowledged of record by plaintiff E. J. McMahon as having been fully paid and satisfied on said date. The force of this document was to show that claims by the plaintiffs growing out of work done by them on the Chatham Apartments were groundless. These claims, while forming only a partial basis of plaintiffs' suit, were the only ones arising out of work done in this district.

Full hearing on this motion for transfer was had by me on April 29, 1955 at Brunswick, Ga., at which hearing counsel for all parties were present. At the hearing counsel for the defendants, John Bell Towill, Esquire, submitted an additional affidavit supplemental to that originally accompanying the motion, and affidavits were likewise submitted by counsel for the plaintiffs, William P. Congdon, Esquire, and by E. J. McMahon, one of the plaintiffs herein. These affidavits set forth the factual circumstances surrounding the case and having a bearing on its future trial. After receiving and reviewing these affidavits, full argument on the question of transfer was made by counsel for each of the parties. From these affidavits and argu-

ments I have drawn the following set forth findings of fact and conclusions of law:

### Findings of Fact

1. I find that the within controversy involves the performance of four contracts between the plaintiffs and the defendant, Skinner & Ruddock, Inc., to wit: plumbing and heating subcontracts in the construction of the Chatham Apartments at Savannah, Ga., Spence Field at Moultrie, Ga., Malden Air Base at Malden, Mo., and the Charleston County TB Hospital at Charleston, S. C.

2. I find that the defendant, Federal Insurance Company, is liable as a surety on payment bonds given in only two of the foregoing projects, to wit, the Chatham Apartments at Savannah, Ga. and the Charleston County TB Hospital at Charleston, S. C.

3. I find that it appears of record in the Office of the Clerk of the Superior Court, Chatham County, Georgia, that on December 18, 1952 the plaintiff, E. J. McMahon, on behalf of himself and the other plaintiff herein recited that defendant Skinner & Ruddock, Inc.'s indebtedness on the Chatham Apartment job, having been paid in full, the claim of lien of plaintiffs herein on said building was cancelled. The import of this record is clear. It has not been controverted by the plaintiffs or by their counsel and, indeed, plaintiff E. J. McMahon had notice in advance of hearing that the defendants asserted that this record was conclusive that this indebtedness was satisfied, yet he made an affidavit which was submitted to me in advance of argument which affidavit did not controvert or seek to explain the purport of this record. I must accordingly assume, and I so find for the purpose of the motion here considered, that no balance is due by the defendants to the plaintiffs growing out of the Chatham Apartment construction.

4. I find that none of the contracts forming a basis of plaintiffs' claim involved performance in this district, since the Chatham Apartments project at Savannah, Ga. is, as above-stated, controverted by the public record and apparently groundless.

5. I find that the owners of Spence Field, the Chatham Apartments and the Charleston County TB Hospital, work on all of which formed the sole basis of claim in plaintiffs' complaint, were at the time of performance of the contracts herein and are now domiciled in Charleston, South Carolina.

6. I find that the architects on the Chatham Apartments were William G. Lyles, Carlisle, Bissett & Wolfe of Columbia, S. C., and the architects on the Charleston County TB Hospital are Simons & Lapham of Charleston, S. C. and that there were no architects on the other jobs herein involved.

7. I find that the owners of these projects or their officers and agents, as well as the architects named, are, in view of the nature of the action stated in the complaint, essential witnesses to the cause, and a transfer to Charleston, South Carolina would be necessary in order to secure their presence as witnesses by subpoena. Briefly, the testimony of these parties would concern performance, payments, back charges, extras, and completion of various contracts set forth in plaintiffs' complaint.

8. I find that the plaintiffs are resident in Augusta, Ga. and in this division. I find that the defendant Skinner & Ruddock, Inc. is resident in Charleston, S. C. in the Eastern District of South Carolina, and that, while the defendant Federal Insurance Company has officers and agents in both Georgia and South Carolina, it asserts that trial of the within cause at Charleston, South Carolina is not only to its convenience but, in justice, necessary because its liability to the plaintiffs is not coextensive with or identical to that of its codefendant, Skinner & Ruddock, Inc., and that the books, records and employees of Skinner & Ruddock, Inc. are beyond the range of subpoena by this district, and would conceivably be unavailable to it here, but they would be available if trial were had in the Eastern District of South

Carolina. I further find that the plaintiffs are licensed plumbing contractors at Charleston, S. C. in the Eastern District of South Carolina, and that they have in their employ there one, James U. Friend, who was their Superintendent on the Charleston County TB job and that they have there all of their various personnel who worked on the Charleston County TB job. I find that there are in Charleston, S. C. in that District witnesses, James Gary West, Lindsey Morris, James U. Friend, above named, and one, Jamison, which witnesses will be able to testify concerning back charges chargeable to the plaintiffs on the various contracts involved herein and also as to other matters of performance by the plaintiffs of their contract. I further find that the defendant Skinner & Ruddock, Inc. was the prime contractor on all of the jobs forming a basis of plaintiffs' claim and that, as such, it alone maintained the complete fiscal records on these jobs and records which would show work performed by other subcontractors at the request of the plaintiffs herein and which plaintiffs herein were obligated to perform and for the costs of which the plaintiffs herein are responsible.

9. I find that prior to the commencement of this cause, the United States of America, as successor to certain rights of the owner of the Chatham Apartments, had filed in the United States District Court for the Eastern District of South Carolina at Charleston, S. C. a suit against the defendants herein on account of alleged defective construction in the Chatham Apartments, located at Savannah, Ga., which construction forms a partial basis of the cause of action of the plaintiffs herein and involves work done by the plaintiffs and that a complete determination of the within controversy cannot be had until the suit filed in the Federal Court at Charleston, South Carolina has been determined.

10. I find that the jurisdiction of this Court as to the defendant Skinner & Ruddock, Inc. is questionable for the reason that Skinner & Ruddock, Inc. is not resident in this district and for the reason that the facts set forth in plaintiffs' complaint fail to show the commission of such act in this state by Skinner & Ruddock, particularly with respect to the Charleston County TB Hospital job, as would constitute doing business herein and they fail to show the commission of any act in this state as to justify service as was had on said corporation by service upon the Secretary of State. According to plaintiffs' complaint, the Charleston County TB Hospital job accounts for 75% of its claim. Jurisdiction of the United States District Court for the Eastern District of South Carolina would, however, not be questionable with respect to this claim nor with respect to any of the other claims of the complaint, since the defendant Skinner & Ruddock, Inc. is domiciled in that district and service upon said defendant is in effect consented to by this motion for transfer and in any event could be perfected therein.

### Conclusions of Law

■ This action is one removed to a Federal Court on the grounds of diversity of citizenship and a removed action is subject to transfer to a more convenient forum under 28 U.S.C. § 1404 (a). See: White v. Thompson, D.C.Ill. 1948, 80 F.Supp. 411; Chaffin v. Chesapeake & O. Ry. Co., D.C.E.D.N.Y.1948, 80 F.Supp. 957; Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 1950, 182 F.2d 305; Moore's Commentary on the Judicial Code, p. 204.

■ Under Paragraph 28 U.S.C. § 1404(a) it is provided that a case may be transferred to "any other district or division where it might have been brought" where it is in the interest of convenience of the parties or of the witnesses or in the ends of justice. Since the defendant Skinner & Ruddock, Inc. is domiciled in the Eastern District of South Carolina, clearly the within action could have been brought initially in said district, and transfer to said district is possible under this provision of the code where justified by circumstances.

In determining the propriety of transfer, much is left to the discretion of the Court and the discretion of the Court for or against transfer, being interlocutory, is not appealable. For this reason there have been few reported opinions considering the factors involved in determining the propriety of a transfer and each case, as a practical matter, turns upon the peculiar facts involved in it. In general, the factors influencing the discretion of the Court in considering transfers under Section 1404(a) have been held to be (1) the private interest of the litigant, (2) the relative ease of access to the sources of proof, (3) the availability of compulsory process for the attendance of unwilling witnesses, (4) the cost of obtaining the attendance of unwilling witnesses, (5) the possibility of view of the premises if view would be appropriate to the action, (6) practical problems that make the trial of the case easy, expeditious and inexpensive. See: Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

The foregoing case was decided prior to the passage of Section 1404(a) and involved the application of the doctrine of *forum non conveniens*, which resulted in a dismissal of the suit if the forum was improper. This harsh result under the doctrine of *forum non conveniens* naturally led to caution in the application of the rule. As stated by Judge Sibley of this circuit in Amalgamated Association of Street Electric Railway, etc. Employees of America v. Southern Bus Lines, Inc., 1949, 172 F.2d 946, 948, in setting aside a dismissal on the ground of *forum non conveniens* but without prejudice to future consideration of a transfer of the case from the Southern District of Mississippi to the Western District of Louisiana under Section 1404(a):

"Dismissal for inconvenience is not to be visited except when the choice of forum is a real hardship, or an imposition on the court. But again we here meet the Revision of Title 28, for Section 1404 providing for a change of venue is: '(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.' * * * Transfer is a less drastic matter than dismissal, for it involves no loss of time or pleading or costs; and no doubt a broader discretion may be exercised in ordering it."

This opinion of our Circuit Court is likewise expressed in Burges v. Proctor and Gamble, Defense Corp., 1949, 172 F.2d 541. In the case of Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360, 362, Judge Parker, in quoting at length from Judge Sibley's opinion, commented:

"The notion that 28 U.S.C.A., § 1404(a) was a mere codification of existing law relating to *forum non conveniens* is erroneous. It is perfectly clear that the purpose of this section of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of *forum non conveniens* would have been appropriate or not."

The same approach to application of Section 1404(a) has been made by the Third Circuit Court of Appeals. See: All States Freight, Inc., v. Modarelli, 3 Cir., 1952, 196 F.2d 1010.

In determining how much weight to be accorded the factors set forth in the Gulf Oil Case, supra, in upsetting the plaintiff's usual right to choose the forum, the case of Paragon-Revolute Corp. v. C. F. Pease Co., D.C.D.Del.1954, 120 F.Supp. 488, 489–490, the Court pronounced this test which appears useful:

"Affording some weight to plaintiff's choice of forum—if it not be disproportionately heavy—neither clashes with the latest views of our Court of Appeals nor defeats the procedural improvement intended by § 1404(a). Choice of forum

simply cannot be ignored. It is by definition the starting point for every motion to transfer. Exactly what weight to assign to it—or, conversely, how much defendant must show to overcome it—need not, indeed cannot, here be precisely charted but must await the particular facts of each arising case. However, observations can be made on the minimum and maximum limits to be fixed for weighing choice of forum's importance: 1. If § 1404 (a)'s factors are evenly balanced, perceptibly inclining neither toward one forum nor the other, the action remains in the forum of plaintiff's choice—as a minimum burden, then, defendant has to overcome in some degree the initial attachment of the suit to plaintiff's chosen forum; 2. Interpreting the advice in the Modarelli opinion of the Court of Appeals, sitting en banc, to moderate Gulf Oil's limitation on § 1404(a) cases, I believe defendant is not bound to produce such a strong, favorable balance that his favoring factors must greatly preponderate those of plaintiff and further that disturbing plaintiff's choice of forum is no longer a rarity because of § 1404(a)—defendant's mandatory margin for victory, then, need not be an overwhelming one."

█ Applying the facts as they appear to exist in this case, and as I have found them above, to the applicable law, I am first of all impressed by a circumstance which I have not found paralleled in any reported cases. The defendant Skinner & Ruddock, Inc. is not resident in or domesticated in this State and objects to the Court's jurisdiction over it in this State. The complaint filed herein is based upon contracts *to be performed by the plaintiff* and these contracts do not necessarily presuppose the doing of business or of any other acts by defendant Skinner & Ruddock, Inc. in this state. Plaintiffs apparently claim their right to serve the defendant Skinner & Ruddock, Inc. through the Secretary of State because the contracts in question were allegedly entered into in the state of Georgia. Not only is this denied by the defendants, but the complaint indicates that these contracts were entered into in Georgia only in the sense that defendant transmitted purchase orders to the plaintiffs, which orders the plaintiffs accepted in Georgia. There is a serious question in my mind whether this constitutes the doing of business in Georgia by this defendant. I go into this detail on this point because this indicates that we may not have before us the usual case where the plaintiff's right to choose the forum is offset by the circumstance that the defendant has already in some way subjected himself to the jurisdiction of the Court of the forum and hence should not be heard to complain without specific cause. Of course, if defendant Skinner & Ruddock, Inc. is not subject to our jurisdiction, it would be a serious hardship on the co-defendant, Federal Insurance Company, liable only as surety, to subject it to suit here where its principal is not subject to subpoena. The defendant Skinner & Ruddock, Inc., however, is subject to process in the Eastern District of South Carolina and the jurisdictional question which would delay a consideration of the merits of this case were it to be tried here would be eliminated by a transfer of the case to the Eastern District of South Carolina. I believe this is the sort of practical problem, mentioned in the Gulf Oil case, the solution of which by transfer would make the trial of the case more easy, expeditious and inexpensive.

Further, I find that transfer of this cause to the Eastern District of South Carolina would, under applicable law, be for the greater convenience of the parties. While it is true the plaintiffs have their headquarters in this District and are, technically speaking, two in number, they are, in fact, a partnership and, in weighing their convenience against that of other parties, they represent a unity. Furthermore, they are licensed to do business in Charleston, South Carolina

in the Eastern District of South Carolina, and are presently engaged in work there, where they have in their employ agents and servants, many of whom worked on and are familiar with the Charleston County TB Hospital, which forms the basis of a very substantial portion of the plaintiffs' claim herein. The defendants, however, represent possible divergent interests. Their liabilities are not identical. One of the defendants, Skinner & Ruddock, Inc., and its records, its agents and employees are beyond the range of subpoena issued by this Court and it is conceivable that, in a trial of this cause, the defendant Skinner & Ruddock, Inc. might refuse to willingly produce evidence which its codefendant, Federal Insurance Company, might deem essential to its defense. Furthermore, defendant, Skinner & Ruddock, Inc., was the prime contractor of all of the jobs basic to the plaintiff's complaint, and it is logical to assume that its records with respect to all jobs, particularly evidence of back charges, extras, work performed on behalf of plaintiffs by their subcontractors, inspections of performance of plaintiffs' contract by the owners and architects would be fully set forth in defendant Skinner & Ruddock, Inc.'s books, whereas the plaintiffs would not ordinarily have such records, since they were in a position of secondary responsibility.

The defendants in their hearing before me made specific showing that the balance of convenience of the necessary witnesses in this case is in favor of a trial of this cause in the Eastern District of South Carolina. The owners of all of the projects on which the plaintiffs worked are apparently resident in South Carolina. The architects are all resident in South Carolina. All of defendant Skinner & Ruddock, Inc.'s employees on all of the various jobs, whether or not they continue presently in the employ of Skinner & Ruddock, Inc., appear to be generally resident in the Eastern District of South Carolina. The names of several of these witnesses were specifically set forth in an affidavit by counsel for the defendants. No such claim or showing was made by the plaintiffs.

Lastly, the copy of an extract from the records of the Clerk of the Superior Court for Chatham County reflecting, over the signature of E. J. McMahon, one of the plaintiffs herein, and in behalf of both plaintiffs herein, that defendants' indebtedness to the plaintiffs for work done on the Chatham Apartments had been paid in full, is persuasive that this portion of plaintiffs' complaint is groundless. Particularly is this so since this extract of the records was submitted in connection with the motion for transfer when initially made one month before the time for hearing and at the hearing E. J. McMahon submitted an affidavit which did not deny or explain the obvious purport of this record. If the Chatham Apartment job is not involved in this case, there passes out of the case the only work which the plaintiffs claim that they performed in this district.

The motion to transfer will be granted.