## BROWN v. UNITED STATES et al.

### Civ. No. 412.

United States District Court
N. D. Iowa, Central Division.

June 21, 1949.

Erwin L. Buck, Britt, Iowa, for plaintiff.

Wm. B. Danforth, Asst. U. S. Dist. Atty., Sioux City, Iowa, for the United States of America.

Tim J. Campbell, Newton, Iowa, Hugh W. Lundy, Albia, Iowa, for James H. Brown and Caroline Noone.

Bernard R. Dunn, Mason City, Iowa, for James Henry Brown, also known as James Souders.

GRAVEN, District Judge.

On the 3d day of June, 1949, at the Federal Court House at Mason City, Iowa, the trial of the issue between the parties as to the claimed change of beneficiary of certain National Service Life Insurance certificates issued to Floyd Steven Brown, deceased, came on for trial before the Court. Wm. B. Danforth, Assistant United States District Attorney, appeared as attorney for the defendant United States of America. Erwin L. Buck of Britt, Iowa, appeared as attorney for the plaintiff Mae M. Brown. Tim J. Campbell of Newton, Iowa, and Hugh W. Lundy of Albia, Iowa, appeared as attorneys for the defendants James H. Brown and Caroline Noone. Barney R. Dunn, an attorney of Mason City, Iowa, appeared as guardian ad litem for the defendant James Henry Brown, also known as James Souders, a minor. The parties on that day presented their evidence as to the claimed change of beneficiary, arguments of counsel were made, and that issue submitted to the Court and by It taken under advisement. Now, to-wit, on this 21st day of June, 1949, the Court now being fully advised in the premises, makes and enters the following Findings of Fact, Conclusions of Law, and Order for Judgment.

### Findings of Fact

1. This is an action brought by Mae M. Brown, also known as Mae Souders, against the United States, claiming the proceeds of two National Service Life Insurance certificates aggregating $10,000 insuring the life of Floyd Steven Brown, deceased. Because of conflicting claims to the proceeds in question the United States interpleaded James H. Brown, also known as James Souders, a minor, and Caroline Noone and James H. Brown, the parents of the decedent. Plaintiff Mae Brown, also known as Mae Souders, claims to be the common law wife of the decedent and the named beneficiary under the certificates of insurance in question. James H. Brown, also known as James Souders, a minor, claims to be the son of the decedent. It is the claim of the parents, Caroline Noone and James H. Brown, that

plaintiff is not the wife and James H. Brown, a minor, is not the son of the decedent. It is the further claim of the father, James H. Brown, that during his lifetime the decedent made a legal and valid change of beneficiary from plaintiff to James H. Brown, the father, although the files of the Veterans' Administration do not disclose any change of beneficiary on the official forms provided by it for that purpose. He therefore asks reformation of the certificates in question.

2. Pursuant to Court order, it was provided that the Court would hear and determine separately the question of the claimed change of beneficiary from plaintiff to James H. Brown, father of the decedent. Accordingly, these Findings of Fact and Conclusions of Law determine only the question of the claimed change of beneficiary and reformation in connection therewith and do not determine whether plaintiff was or was not the common law wife of the decedent or whether James H. Brown, a minor, is or is not the son of the decedent.

3. On the 28th day of January, 1942, decedent enlisted in the United States Army at Fort Des Moines, Iowa. On the Oath and Certificate of Enlistment that day executed before the Fort Des Moines Recruiting Officer, the decedent listed his father, James H. Brown, as his nearest relative and Mae Brown, wife, as the person to be notified in case of emergency. On that same form decedent listed the following persons in the following order under the heading "Designation of Beneficiary": Mae Brown (wife), James Brown (son), James H. Brown (father), and Carrie Noone (mother). In decedent's Service Record Book issued the same day, the above information again appears in the appropriate blanks with the exception of Carrie Noone whose name does not appear as a beneficiary.

4. On the 29th day of January, 1942, at Fort Des Moines, Iowa, before a commissioned officer, decedent executed an application for National Service Life Insurance in the amount of $2000, naming May M. Brown, Wife, as the principal beneficiary and James H. Brown, Son, as the contingent beneficiary, coverage to be effective February 1st, 1942.

5. On the 15th day of February, 1942, decedent was transferred from Fort Des Moines, Iowa, to the 716th Ord. Co. Avn., at McChord Field, Washington, and on the 7th day of March, 1942, he was again transferred to the 428th Ord. Co. Avn., at Hamilton Field, California.

6. On the 24th day of March, 1942, at Hamilton Field before his immediate commanding officer, 1st Lt. Walter W. Wolfe, decedent executed an application for additional National Service Life Insurance in the amount of $8000, naming Mrs. Mae Brown, Wife, as principal beneficiary and James Henry Brown, Son, as contingent beneficiary, coverage to be effective May 1st, 1942.

7. In a letter to plaintiff dated at Hamilton Field March 23d, 1942, decedent advised that he had $10,000 worth of National Service Life Insurance which would "see you and Jimmy throo." In another letter to plaintiff dated at Hamilton Field April 4th, 1942, decedent again referred to his insurance "to take care of you and him and his school."

8. Sometime after these letters were written and prior to May 25th, 1942, decedent was apprised that plaintiff had transferred her affections to a man named Frank. It would appear that this information prompted decedent to write plaintiff to the effect that he was cutting her off from any allotment and from his insurance because in a letter from her to him under date of May 25th, 1942, she referred to "the toughest blow I ever had in my life" and said: "its a lot because of poor little Jimmy that I'm thinking about cutting me off the alotment. I didn't care about the insurance." In that same letter she referred to decedent's knowing about her regard for Frank and she protested her love for Frank at considerable length.

9. In another letter to decedent dated June 1st, 1942, plaintiff referred to the fact that she had heard decedent was not going to write her further because of her association with Frank and stated that

she wanted to be friends with decedent anyway.

10. During the time that these last events were transpiring, decedent was making preparations for transfer to overseas duty.

11. On the 5th day of June, 1942, decedent executed before Walter W. Wolfe, his immediate commanding officer, WD AGO Form No. 41, a form designed to effect a change in the six-month gratuity pay beneficiary. On that form in the appropriate blanks, James Henry Brown, Father, was listed as both nearest relative and emergency addressee. Under the hearing "Designation of Beneficiary" the following appears:

(Separated)

"1. Mrs. May Margaret Brown—Wife—Ineligible.

"2. James Henry Brown (Son)

"3. James Henry Brown (Father)

"4. Mrs. Marguerite Behrends"

12. At sometime while decedent was under the command of Walter W. Wolfe, Wolfe erased the name of Mae Brown in decedent's Service Record Book and inserted in ink James H. Brown, Father, both in the blank for emergency addressee and in the blank for the first beneficiary so that under "Designation of Beneficiary" it read as changed:

"James H. Brown    Father    WW

"RFD. #4 Forest City, Iowa

"James Brown (Son)

"RFD. #4 Forest City, Iowa

"James H. Brown (Father)

"Forest City, Iowa"

13. Decedent was transferred to the Pacific Theater of Operations on the 15th day of June, 1942, where he remained until transferred back to the United States on the 16th day of October, 1945. The record does not show what official papers, if any, relative to his National Service Life Insurance decedent executed during his tour of duty overseas.

14. As evidenced by decedent's Service Record Book, he made two War Bond allotments in favor of James H. Brown, one for $18.75 commencing January 1st, 1943, and cancelled March 31st, 1943, and one for $7.50 commencing August 1st, 1944, and cancelled August 31st, 1944. The record fails to show any allotments of any kind in favor of plaintiff.

15. Sometime subsequent to July 11th, 1945, the date he was promoted to the rank appearing on the form used, decedent executed before S/Sgt. W. T. Scofield an undated AAF Personal Affairs Statement which included the following information:

"1. Government Life Insurance.
"(a) I have now in force $10,000 NSLI on the 5 yr plan, effective March 42
"(d) The beneficiaries designated on my Government Life Insurance are:
"Principal James H. Brown Father $5,000
"Contingent James H. Brown Jr. Son $5,000"

16. On the 25th day of October, 1945, at Jefferson Barracks, Missouri, decedent re-enlisted in the Army Reserve Corps and in his new Service Record Book issued that day under the heading "Designation of Beneficiary" the following appears:

"James H. Brown, Father

"Route #4, Forest City, Iowa

Neona Langfitt, Sister

"Grand Junction, Iowa

"EM does not desire to designate an alternate beneficiary."

So far as appears from the record, this is the last official form of any kind which the decedent executed.

17. Decedent was discharged from active duty November 3d. 1945, and was killed in a train-car collision at Grand Junction, Iowa, on the 31st day of December, 1945. The November premium on his National Service Life Insurance was withheld from his final service pay. He had made no premium payments after his discharge. His death occurred on the final day of the 31-day grace period for the payment of the premium due on the 1st day of December, 1945.

18. In the spring of 1942 the decedent received information to the effect that one Frank had supplanted him in the affections of the plaintiff. He thereupon formed the definite intent to supplant plaintiff as beneficiary of his National

Service Life Insurance and to substitute his father in her stead. His intent to so do became fixed and abiding when plaintiff in writing definitely and emphatically informed him that he had been displaced in her affections and future by the said Frank. In accordance with his intent to displace plaintiff as beneficiary in his said insurance certificates and to substitute his father therefor and to carry out such intent, decedent took the affirmative action set forth in Findings numbered 11, 12, 15, and 16. Decedent thought that by such affirmative action he had done all that was necessary to effect such change of beneficiary and to keep such change in effect.

19. The oral testimony in this case was subject to the fundamental weakness of interested partiality. The only anchorage to verity is the documentary evidence. This evidence clearly shows the intent of decedent to eliminate plaintiff as beneficiary and to keep her eliminated. This evidence further clearly shows several affirmative acts on the part of decedent intended by him to carry out the elimination of plaintiff as beneficiary and the substitution and retention of his father as beneficiary. The documentary evidence also clearly shows that it was the contemporaneous attitude of both plaintiff and decedent that she was out as beneficiary. The documentary evidence is consistent only with the theory of change of beneficiary and inconsistent with the theory of non-change of beneficiary.

20. It appears from some of the documentary evidence that decedent had it in mind to give the alleged son, James H. Brown, also known as James Souders, a minor, some interest in the proceeds of the National Service Life Insurance certificates either as a contingent beneficiary or as a partial principal beneficiary. The evidence does not clearly or satisfactorily indicate what decedent did intend in this regard. The last official form filled out by decedent which referred to the matter of beneficiary of his National Service Life Insurance certificates was in connection with his re-enlistment on October 25th, 1945. In that form no mention was made of the alleged son either as a principal or as a contingent beneficiary. The evidence is insufficient to establish that James H. Brown, also known as James Souders, a minor, is a beneficiary of either of the two National Service Life Insurance certificates in question.

21. The established facts in this case bring it within the scope of the equitable rule that equity regards as done that which ought to be done.

22. A reasonable attorney fee for the attorneys for the defendant James H. Brown, the father, would be ten per cent (10%) of the amount recovered.

23. A reasonable fee for Bernard R. Dunn for his services as guardian ad litem for the defendant James H. Brown, also known as James Souders, a minor, would be the sum of $100.00.

24. The circumstances are such that in justice and equity the taxable costs in this case and the fee for the guardian ad litem should be paid by the defendant James H. Brown, the father.

## Conclusions of Law

1. That this Court has jurisdiction of the subject matter of this action and of the parties thereto.

2. That the equities herein are with the defendant James H. Brown, the father.

3. That the decedent Floyd Steven Brown, legally and validly substituted James H. Brown, his father, as the beneficiary in lieu and place of the plaintiff, Mae M. Brown, in National Service Life Insurance Certificate No. N—980 620 in the amount of $2000.00 and in National Service Life Insurance Certificate No. N—2 456 215 in the amount of $8000.-00, and that the designations of beneficiaries on file with the Veterans' Administration should be corrected and reformed accordingly.

4. That as beneficiary under said certificates the defendant James H. Brown, the father, is entitled to recovery thereon from the defendant United States of America.

[2] 5. That Hugh W. Lundy and Tim J. Campbell, attorneys for the defendant James H. Brown, the father,

should together be paid an attorney fee equal to ten per cent (10%) of his recovery and payable out of such recovery as provided by 38 U.S.C.A. §§ 551 and 817.

6. That a guardian ad litem fee in the sum of $100.00 should be allowed Barney R. Dunn.

 7. That under the provisions of Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the taxable costs in this action including the fee for the guardian ad litem should be assessed and taxed against the defendant James H. Brown, the father.

8. That the determination of the issue of change of beneficiary and reformation is determinative of the entire case.