208 F.2d 197
 FAHEY et al.
v.
CALVERLEY.
FEDERAL HOME LOAN BANK OF SAN FRANCISCO
v.
CALVERLEY.
FAHEY et al.
v.
GILBERT.
FEDERAL HOME LOAN BANK OF SAN FRANCISCO
v.
GILBERT.
FAHEY et al.
v.
WALKER et al.
FEDERAL HOME LOAN BANK OF SAN FRANCISCO et al.
v.
WALKER et al.
 Nos. 13411, 13558, 12575, 12893, 13055.
 United States Court of Appeals, Ninth Circuit.
 Nov. 23, 1953.
Rehearing Denied Dec. 29, 1953.
 
 Warren E. Burger, Asst. Atty. General, Edward H. Hickey, Donald B. MacGuineas, Attorneys, Department of Justice, Mose Silverman, Asst. Gen. Counsel, Washington, D.C., for appellants Home Loan Bank Board et al.
 Verne Dusenberry, Portland, Or., Philip H. Angell, San Francisco, Cal., Sylvester Hoffmann, Los Angeles, Cal., Robert M. Adams, Jr., San Francisco, Cal., for appellant Federal Home Loan Bank of San Francisco.
 W. I. Gilbert, Jr., Jean Wunderlich, Los Angeles, Cal., for First Federal Savings & Loan Ass'n of Wilmington, Howard V. Calverley, Receiver, and Ernest R. Utley, substituted receiver, and as appellee.
 Wyckoff Westover and Westover & Smith, Los Angeles, Cal., for plaintiffs Mallonee et al.
 Charles K. Chapman, Long Beach, Cal., for Long Beach Federal Savings & Loan Ass'n and First Federal Savings & Loan Ass'n of Bellflower.
 Before STEPHENS, HEALY and BONE, Circuit Judges.
 BONE, Circuit Judge.
 
 
 1
 * We have before us for disposition two motions of appellants in the above entitled proceedings. By the first of these motions appellants seek an order of this Court remanding the above captioned proceedings No. 13,411 and No. 13,558 to the District Court of the United States for the Southern District of California, Central Division, with directions to:
 
 
 2
 (1) Vacate the order appointing a receiver, dated, filed and entered on March 15, 1952, in consolidated actions 5421-P.H. and 5678-P.H. in the files of the District Court of the United States for the Southern District of California, Central Division.
 
 
 3
 (2) Dismiss, or require said receiver to dismiss, the complaint filed by said receiver in the Superior Court of the State of California, in and for the County of Los Angeles, and thereafter removed to said District Court, being action 13953-P.H. in the files of said Court.
 
 
 4
 (3) Dismiss, or require said receiver to dismiss, the cross-claim filed by said receiver in consolidated actions 5421-P.H. and 5678-P.H.
 
 
 5
 (4) Vacate the 'Order For Interim Allowance Of Costs And Expenses To Defend Appeal From Order Appointing Receiver' filed August 19, 1952 and docketed and entered August 20, 1952 in the above consolidated actions No. 5421-P.H. and No. 5678-P.H. in the files of said District Court.
 
 
 6
 (5) Direct said receiver and/or his counsel, W. I. Gilbert, Jr., as attorney for said receiver, to return to the Clerk of said District Court the sum of $1605.79 heretofore paid to said W. I. Gilbert, Jr. from funds on deposit in the registry of said Court in action No. 5421-P.H.
 
 
 7
 The motion for remand of proceedings in said causes No. 13,411 and No. 13,558 in this Court, was made on the ground that the opinions and judgments of this Court heretofore rendered in Appeals Nos. 12,511 and 12,591, and now final, establish and determine that said District Court was and is without jurisdiction of the proceedings in which the said receiver was appointed; that said District Court was therefore without power to appoint a receiver or award costs out of funds on deposit in the registry of the lower Court; that all acts of said purported receiver are therefore void and of no force and effect; and that the issues raised on said appeals have been determined by said opinions.
 
 
 8
 In the second motion of appellants they move this Court for an order remanding the above captioned 'consolidated' proceedings[1] No. 12,575, No. 12893 and No. 13,055 to the said District Court with directions to vacate each of the orders appealed from in said consolidated causes[1] (which said orders directed the payment of fees to appellee Ronald Walker, as Special Master, from funds on deposit in the registry of the said District Court in consolidated actions 5421-P.H. and 5678-P.H. in said District Court) and with directions to take further proceedings in conformity with the opinions and judgments of this Court of Appeals heretofore entered in Appeals No. 12,511 and No. 12,591.
 
 
 9
 The second motion for remand, with directions, is based on the ground that the opinions and judgments of this Court heretofore rendered in Appeals No. 12,511 and No. 12,591, and now final, establish and determine that said District Court was and is without jurisdiction of the proceedings in which said special master was appointed; that said District Court was therefore without power to appoint a special master or to award fees and costs of such special master out of funds on deposit in the registry of the Court and that the issues raised on said consolidated appeals have been determined by said opinions.
 
 II
 
 10
 The two motions by appellants above referred to were argued and submitted together. As indicated, they were to remand these proceedings to the District Court with instructions to vacate the orders appealed from and to grant other relief.
 
 
 11
 The several appeals to which the two motions are directed arise out of litigation which has previously been before this Court and finally disposed of in Home Loan Bank Board v. Mallonee, 9 Cir., 196 F.2d 336, and Fahey v. O'Melveny & Myers, 9 Cir., 200 F.2d 420, certiorari denied 345 U.S. 952, 73 S.Ct. 863, rehearing denied 345 U.S. 978, 73 S.Ct. 1120. This Court there determined that the District Court was without jurisdiction of the subject matter of either of said consolidated actions and accordingly our mandate, filed May 21, 1953, directed dismissal of the Los Angeles Action (No. 5678-P.H.) and the principal pleadings in the Mallonee Action (No. 5421-P.H.).
 
 
 12
 In view of this Court's previous determination that the said consolidated actions present no justiciable controversy within the jurisdiction of the Federal Court, it necessarily follows that the District Court was and is without authority to proceed in these said consolidated actions or either of them or in any collateral matters which are not founded upon an independent basis of Federal jurisdiction. This Court's previous decisions in this matter require not only the dismissal of the principal pleadings and proceedings, but also the dismissal of matters ancillary thereto. Oils, Inc. v. Blankenship, 10 Cir., 145 F.2d 354, certiorari denied 323 U.S. 803, 65 S.Ct. 562, 89 L.Ed. 641; Cabaniss v. Reco Min. Co., 5 Cir., 116 F. 318.
 
 
 13
 It appears that the aforesaid special master was appointed in the said consolidated proceedings to perform functions which it has now been determined were beyond the power of the District Court to undertake. The master was originally appointed by the District Court on its own motion to supervise the transfer of custody of the assets of Long Beach Federal Savings and Loan Association from A. V. Ammann, the conservator, to the former management of Long Beach, and to supervise the accounting which the District Court ordered said Ammann to make to Long Beach. Thereafter supplemental orders were made broadening the duties of the special master, including the supervision of an inspection by Long Beach of the books and records of Federal Home Loan Bank of San Francisco. The District Court has awarded fees on account to the special master in the total amount of $64,000.00.
 
 
 14
 Appeals (Nos. 12,575, 12,893 and 13,055) were taken from four orders allowing fees to the special master in the total amount of $29,000.00 and directing payment from funds on deposit in the Registry of the District Court. Appellants contend that such payment constitutes an invasion of funds upon which San Francisco Bank has a lien inasmuch as there are no general funds on deposit available for payment of master's fees. Appellees moved to dismiss the appeals noted in this paragraph contending that these orders are interim and that they do not purport to assess the master's fees against any party or parties, and are therefore not appealable. However, since the effect of these orders is to withdraw from the registry of the Court funds upon which a lien is claimed, they constitute a final disposition of a fund in controversy to the extent of such payment, and hence are final and appealable. Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; cf. Reid v. Pauly, 9 Cir., 121 F. 652, 656. The motions to dismiss these three appeals should be and therefore are denied.
 
 
 15
 However, there is no necessity for further continuing these appeals. In our previous opinion (heretofore referred to) it was determined that the lower court was without jurisdiction of the subject matter of the Mallonee Action and from this it rationally follows that it was improper for the lower court to require the deposit in Court of Government bonds and other collateral securities as to which San Francisco Bank claims a lien. This Court has already directed that there be delivered to San Francisco Bank from the registry of the District Court government bonds and cash sufficient to restore it as nearly as possible to the position it occupied as a secured creditor prior to the time it was erroneously required to make the deposit.
 
 
 16
 The appellants' motion for an order remanding appeals Nos. 12,575, 12,893 and 13,055 should be granted with directions to vacate each of the orders appealed from.
 
 
 17
 The receiver referred to in Nos. 13,411 and 13,558 was appointed in proceedings (obviously ancillary to the said consolidated actions) to commence actions upon certain alleged claims or causes of action for the alleged benefit of Federal Home Loan Bank of San Francisco or Los Angeles, whichever should be found to exist. By a further order of the District Court, the receiver was authorized to participate in appeals then pending before this Court and was allowed and paid estimated costs of $1605.79 from funds on deposit in the Registry of the Court.
 
 
 18
 A receivership proceeding is never an end in itself, but is always ancillary to a principal proceeding (Kelleam v. Maryland Casualty Co., 312 U.S. 377, 380, 61 S.Ct. 595, 85 L.Ed. 899); where as here the District Court is determined to be without jurisdiction, the receivership must necessarily fall. The prior opinions of this Court to which we have referred, therefore dispose of the issues raised in the appeals involving the receivership. No useful purpose would be served by further continuing said appeals.
 
 
 19
 Inasmuch as it has been held that the District Court was without authority to proceed in the said consolidated actions, the appointment of a receiver was a nullity and the purported receiver was without power to act. Nor can his expenses (the estimated costs above noted) be paid from funds on deposit in Court. See: South Side Theatres v. United West Coast Theatres Corp., 9 Cir., 178 F.2d 648, 649; Noxon Chemical Products Co. v. Leckie, 3 Cir., 39 F.2d 318. Appellants' motion to remand appeals Nos. 13,411 and 13,558 should be granted with directions to the District Court to vacate the orders complained of and to dismiss the proceedings instituted by the purported receiver.
 
 
 20
 Where, as here, it appears that the District Court has no jurisdiction of the subject matter, it is appropriate to remand the proceedings to the District Court with directions for their disposition. Zank v. Landon, 9 Cir., 205 F.2d 615.
 
 III
 
 21
 Upon the aforesaid motions of appellants and the records and files of the causes on appeal mentioned therein now on file in this Court, and upon the record in the litigation considered in our opinions in Home Loan Bank Board v. Mallonee, 9 Cir., 196 F.2d 336, and Fahey v. O'Melveny & Myers, 9 Cir., 200 F.2d 420, and the mandates of this Court issued pursuant thereto, it is now ordered, adjudged and decreed that as respects causes No. 13,411 and No. 13,558 now on appeal in this Court, the order of the said District Court appointing a receiver and the order for interim allowance of costs and expenses be, and the same are each hereby reversed and remanded to the said District Court with directions to:
 
 
 22
 (1) Vacate the order appointing said receiver, dated, filed and entered March 15, 1952.
 
 
 23
 (2) Dismiss the complaint filed by said receiver in the Superior Court of the State of California, in and for the County of Los Angeles, and thereafter removed to said District Court, being action 13953-P.H. in the files of said Court.
 
 
 24
 (3) Dismiss the cross-claim filed by said receiver in consolidated actions 5421-P.H. and 5678-P.H.
 
 
 25
 (4) Vacate the 'Order For Interim Allowance Of Costs And Expenses To Defend Appeal From Order Appointing Receiver' filed August 19, 1952 and docketed and entered August 20, 1952.
 
 
 26
 It is further directed that proceedings be forthwith had in the said District Court in conformity with the order, judgment and directives herein, the said appeals in causes No. 13,411 and No. 13,558 notwithstanding.
 
 IV
 
 27
 Upon the aforesaid motions of appellants and the records and files of the causes on appeal mentioned therein now on file in this Court; and upon the record in the litigation considered in our opinions in Home Loan Bank Board v. Mallonee, 9 Cir., 196 F.2d 336, and Fahey v. O'Melveny & Myers, 9 Cir., 200 F.2d 420, and the mandates of this Court issued pursuant thereto, it is now ordered, adjudged and decreed that as respects causes No. 12,575, No. 12,893 and No. 13,055 now on appeal in this Court, the orders of the said District Court allowing fees to the said special master on account be, and the same are each hereby reversed and remanded to the District Court with directions to vacate each of the said orders appealed from.
 
 
 28
 It is further directed that proceedings be forthwith had in the said District Court in conformity with the order, judgment and directive herein, the said appeals in causes No. 12,575, No. 12,893 and No. 13,055, now on appeal in this Court notwithstanding.
 
 
 
 [1]
 The three above captioned appeals, the subject of this motion and here referred to, were consolidated for all purposes pursuant to stipulation of counsel filed herein on October 22, 1951. Motions to dismiss Appeal No. 12,575 have heretofore been made by appellees, which said motions were argued on October 19, 1951 and are pending