**The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a corporation, Plaintiff,**

v.

**Bonn Kraus GINSBURG and John Paul Ginsburg, minors, Betty K. Ginsburg and Paul Ginsburg, Defendants.**

Civ. A. No. 11521.

United States District Court
W. D. Pennsylvania.
Dec. 1, 1954.

Edward L. Springer, Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for Mutual Life Ins. Co. of New York.

Loyal H. Gregg, Pittsburgh, Pa., attorney and guardian ad litem for the two minors.

Harry Alan Sherman, Pittsburgh, Pa., for Paul Ginsburg.

E. B. Strassburger, E. B. Strassburger, Jr., Strassburger & McKenna, Pittsburgh, Pa., for Betty K. Hilsdorf.

MARSH, District Judge.

#### Claim of Guardian Ad Litem for Compensation.

##### Findings of Fact

1. On June 16, 1953, I appointed Loyal H. Gregg, Esq., a lawyer and a member of the bar of this court, temporary guardian ad litem for Bonn Kraus Ginsburg and John Paul Ginsburg, the minor claimants to the fund of $27,456.68, deposited in the registry of this court, in the above entitled interpleader proceedings. This appointment was made without objection on the part of the claimant, Paul Ginsburg, or on the part of the mother of the minor children, namely, Betty K. Ginsburg, now Betty K. Hilsdorf.

2. That portion of the court's order appointing the said temporary guardian ad litem reads as follows:

"5. That Loyal H. Gregg, Esquire, 903 Farmers Bank Building, Pittsburgh, Pa., 22, be and is hereby appointed as temporary guardian ad litem to accept service of the summons, complaint and order of court in this action and to otherwise act in behalf of the minor defendants, Bonn Kraus Ginsburg and John Paul Ginsburg, pending further order of this court appointing a permanent guardian ad litem; this

service shall be in addition to personal service upon the said minors and their mother."

3. Pursuant to this order of court, the temporary guardian performed the legal services necessary to protect the minors' interests in the above matter until December 23, 1953.

4. On December 23, 1953, on petition of Betty K. Hilsdorf, the Arizona guardian ad litem, Judge Willson of this court appointed Loyal H. Gregg, Esq., permanent guardian ad litem for the above named minor claimants to the fund. This appointment was made over the objection of the claimant Paul Ginsburg.

5. Pursuant to this order of court the guardian ad litem has performed the legal services necessary to protect the minors' interests in, and to establish their claims to, the fund deposited in the registry of this court.

6. The services rendered by the guardian since the initial appointment in June of 1953 consisted of the preparation of pleadings, conferences with Eugene B. Strassburger, Esq., the preparation for, and the participation in, ten different oral arguments, the preparation of six briefs on the law pertaining to the aforesaid arguments, and other incidental services which normaly accompany the handling of a lawsuit.

7. The guardian ad litem spent one hundred sixty-five hours in representing the minors' interest in the above matter.

8. As a result of the services rendered by the guardian in behalf of the minors, the various requests of the defendant, Paul Ginsburg, for judgment as a matter of law were refused, and the guardian's motion for change of venue to the United States District Court for the District of Arizona, the situs of the alleged parol trust, was granted. 125 F. Supp. 920.

9. Many appearances of the guardian in court were the result of actions taken by the defendant, Paul Ginsburg.

10. It was impossible for this court to administer the fund deposited in the registry of this court pursuant to the interpleader proceedings without the services of a guardian ad litem representing Bonn Kraus Ginsburg and John Paul Ginsburg, the minor claimants.

11. The evidence disclosed that the guardian was experienced in the various matters brought before the court and the one hundred sixty-five hours spent by the guardian in representing the minors' interests was reasonable time under the circumstances.

12. The evidence disclosed that the reasonable compensation for the legal services rendered by the guardian would be between $2,500 and $3,000.

13. The $1,500 compensation requested by the guardian is reasonable compensation for the services rendered by the guardian on behalf of the minor claimants and this court.

14. The above entitled case has been transferred to the United States District Court for the District of Arizona and the services of a guardian ad litem in this court are no longer necessary.

### Discussion

The problem here is whether this court has the power to award compensation for the services of a temporary and permanent guardian ad litem, in representing the interests of minor claimants, out of the fund deposited in the registry of the court by the plaintiff insurance company in interpleader proceedings, prior to a transfer of the fund to the United States District Court for the District of Arizona pursuant to 28 U.S.C.A. § 1404 (a) (1950), for trial on the merits.

On June 16, 1953, in order to protect the minor claimants, Loyal H. Gregg, a lawyer and a member of the bar of this court, was prevailed upon by this court to accept an appointment as temporary guardian ad litem.

On December 23, 1953, upon the petition of Betty K. Hilsdorf, the mother of the minor claimants and alleged guardian ad litem in Arizona, Judge Willson appointed Mr. Gregg permanent guardian over the objections of Paul Ginsburg. Cf. United States v. E. I. Du Pont De

Nemours & Co., D.C.W.D.Ill.1952, 13 F. R.D. 98, 104.

It seems to be conceded that Mr. Gregg is entitled to reasonable compensation out of the fund for the services performed as temporary guardian,[1] but any allowance for his services as permanent guardian is opposed.

Mr. Gregg's services as guardian ad litem have not only been quite extensive and extremely burdensome but also vital to the interests of the minors. The evidence tends to support attorney's fees in the neighborhood of $3,000, and no testimony was offered to the contrary.

The adult claimant has aggressively and persistently endeavored to secure summary judgment.[2] He lost these motions before Judge Willson and before me.

In addition, the guardian conceived it to be his duty to procure, if he could, a change of venue to the District Court in Arizona. He lost this issue before Judge Willson, but due to altered circumstances, won a change of venue before me.[3]

Upon Paul Ginsburg's request, these decisions have been reconsidered and reargued at length.

There were other motions initiated by the insurance company and the claimants which of necessity consumed the time and attention of the guardian.

In the matters which came before me, Mr. Gregg personally filed briefs, actively participated in the arguments, and, of course, shouldered the responsibility imposed upon him by the court.

In view of the difficult issues involved, it was requisite for the protection of the interests of the minors that the services of a competent and conscientious guardian, who was also a lawyer, be made available.

---

1. See: Suggested Conclusion of Law numbered 6 filed on behalf of Paul Ginsburg. In his brief it is stated: "As for the formal services rendered by the guardian while serving as temporary guardian by stipulation of the parties, and solely for such formal services in obtaining service of summons and complaint upon the said minors, a 'reasonable' fee should certainly not be in excess of $100.00."

2. June 24, 1953 — Motion for judgment on the pleadings refused by Judge Willson August 25, 1953 by order filed August 27, 1953.

August 6, 1953 — Motion to dismiss complaint filed in Phoenix, Arizona refused by Judge Willson August 25, 1953.

November 17, 1953 — Motion for summary judgment denied by Judge Willson December 30, 1953.

January 4, 1954 — Because of a complaint made by Paul Ginsburg, Judge Willson requested the Chief Judge to relieve him of further duties in this case, which resulted in its reassignment to me.

January 28, 1954 — Motion for summary judgment. Order filed February 16, 1954 by me granting a continuance to permit guardian to obtain depositions in Arizona. Opinion filed June 11, 1954, indicating that motion for summary judgment would be denied.

June 16, 1954 — Petition for reconsideration granted and further argument held August 31, 1954. Order denying motion for summary judgment entered December 1, 1954.

August 5, 1954 — Following my opinion of June 11, 1954 that summary judgment should be refused and venue transferred, Paul Ginsburg wrote the Chief Judge accusing me of prejudice against him; however, the Chief Judge did not reassign the case nor did I request him to do so. See: 28 U.S.C.A. § 144.

3. See opinions dated February 16, 1954, June 11, 1954, and order of December 1, 1954, 125 F.Supp. 920.

■ It does not appear that the minors have any estate which can be reached by this court to pay for the legal services. However, it appears to be settled that a court has the power to reasonably compensate a guardian ad litem out of the fund in control of the court. This power is necessarily implied from the right and duty of the court to make such an appointment and the necessity of insuring adequate legal protection for the minors. See: Hawkey v. United States, D.C.E.D.Ill.1952, 108 F.Supp. 941; Brown v. United States, D.C.N.D.Iowa 1949, 84 F.Supp. 489; Strunk v. United States, D.C.E.D.Ky.1948, 80 F.Supp. 432; Hoffman v. Morgan, 1952, 206 Okl. 567, 245 P.2d 67, 30 A.L.R.2d 1141; In re Hallstead's Estate, 1940, 338 Pa. 257, 12 A.2d 912; Franz v. Buder, 8 Cir., 1930, 38 F.2d 605.

## Conclusions of Law

1. This court had a duty to appoint a guardian ad litem to insure adequate legal protection for the minor claimants to the fund deposited in the registry of this court.

2. The right and duty of this court to award reasonable compensation to the minors' guardian ad litem is necessarily implied from the court's duty to appoint the guardian in the first instance.

3. The guardian ad litem is entitled to be paid reasonable compensation out of the fund deposited in this court for the services rendered to this court and the minor claimants.

■ 4. The sum of $1,500 is reasonable compensation for the services rendered by the guardian ad litem.

5. The sum of $1,500 will be paid to Loyal H. Gregg, Esq., guardian ad litem, out of the fund, reserving the right to the parties to request that said sum be taxed as costs in the proceedings on the merits.

6. The guardian ad litem has performed all services necessary for this court in the above proceedings and will be discharged.

4. It is to be observed that the petitioners prepared the petition for appointment of

Claim of Eugene B. Strassburger, Esq., and Eugene B. Strassburger, Jr., Esq., for Counsel Fees.

### Findings of Fact

1. Eugene B. Strassburger, Esq., first appeared of record in this case on the 23rd day of July, 1953, when as attorney employed by Betty K. Hilsdorf, individually and as guardian ad litem in the District Court of the United States for the District of Arizona for the minors involved, he executed a petition, with Loyal H. Gregg, Esq., the guardian ad litem appointed by this court, for change of venue.

2. Eugene B. Strassburger, Esq., and Eugene B. Strassburger, Jr., Esq., are members of the bar of this court and are competent practicing lawyers.

3. Neither of the petitioners were appointed attorneys by this court for Loyal H. Gregg, Esq., the guardian ad litem here, nor were they appointed by the District Court of Arizona as attorneys for the guardian ad litem in Arizona.

4. The petitioners collaborated in this litigation with Mr. Gregg, the guardian ad litem.

### Discussion

Eugene B. Strassburger, Esq., and Eugene B. Strassburger, Jr., Esq., have petitioned for counsel fees in the sum of $1,250. These petitioners are prominent and reputable members of the bar of this court and are competent and skillful lawyers; their efforts in behalf of their client, the mother of the minor claimants, unquestionably have entailed considerable time and trouble.

■ I am aware that under federal law attorneys for the stakeholder in interpleader proceedings are entitled to be paid a reasonable fee out of the interpleaded funds, Shrepic v. Metropolitan Life Insurance Co., D.C.W.D.Pa.1954, 120 F.Supp. 650, but no case has been called to my attention which authorizes a federal court to compensate out of such fund attorneys employed by a guardian ad litem appointed by another court.[4]

Mr. Gregg as permanent guardian ad litem on October 27, 1953, and presented

The burden is upon the petitioners to establish with reasonable certainty, by statute or authoritative decision, that this court has the power and duty to compensate them, and in this they have failed.[5]

It seems to me that the petitioners must look for payment either to the estate of the minors for whom they acted or to the District Court in Arizona who appointed and has control of their client.

### Conclusion of Law

1. This court does not have the power to award compensation out of the interpleaded funds to counsel appearing for the guardian ad litem appointed by the United States District Court for the district of Arizona.

it to Judge Willson, who made the appointment as requested on December 23, 1953.

5. Petitioners cited 27 Am.Jur., Infants, § 128 (1940), citing Note, 1920, 7 A.L.R. 108; 43 C.J.S., Infants, § 112d (1945); Franz v. Buder, 8 Cir., 1930, 38 F.2d 605; In re Ramsey's Estate, 1920, 29 Pa. Dist. 603, which authorities we do not think are in point, but deal with the right to compensation of attorneys who have rendered services by virtue of their employment by the guardian *appointed by the court to whom application is made.* We do not have that situation here.