228 F.2d 881
 The MUTUAL LIFE INSURANCE CO. OF NEW YORK, a corporation
v.
Bonn Kraus GINSBURG & John Paul Ginsburg, Minors, Betty K. Ginsburg and Paul Ginsburg Paul Ginsburg, Appellant.
 No. 11571.
 No. 11572.
 United States Court of Appeals Third Circuit.
 Argued December 20, 1955.
 Decided January 10, 1956.
 Rehearing Denied January 30, 1956.
 
 Harry Alan Sherman, Pittsburgh, Pa., for appellant.
 Loyal H. Gregg, Pittsburgh, Pa. (Gwilym A. Price, Jr., Pittsburgh, Pa., Gregg & Price, Pittsburgh, Pa., on the brief), for appellee.
 Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 These two pieces of litigation are between the same parties and revolve around the same subject matter. While the questions are different the two cases are, for convenience, treated in one opinion.
 
 
 2
 * The first case is an appeal from an order made by a judge in the Western District of Pennsylvania ordering a case to be transferred from that district to the District of Arizona.[1] The authority for the transfer was section 1404(a) of 28 U.S.C. which reads as follows:
 
 
 3
 "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
 
 
 4
 Problems arising under this section are not unknown to this Court. We have held that the exercise of the district judge's discretion in this matter is not to be reviewed by mandamus or prohibition. All States Freight, Inc., v. Modarelli, 3 Cir., 1952, 196 F.2d 1010. We did say a writ should issue in one case but that was not to review the judge's discretion but to indicate that he did have a discretion to exercise. Paramount Pictures, Inc., v. Rodney, 3 Cir., 1950, 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687. Subsequently, when a transfer under the provisions of 1406(a) of 28 U.S.C. was challenged, we declined to review by writ the court's power to make the order. In doing so we acknowledged that our theory was in conflict with that espoused by several other circuits in 1404(a) transfer cases. Gulf Research & Development Co. v. Leahy, 3 Cir., 1951, 193 F.2d 302, 305, affirmed per curiam by an equally divided Court 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668, rehearing denied 344 U.S. 900, 73 S.Ct. 273, 97 L.Ed. 695; cf. Bankers Life & Casualty Co. v. Holland, 1953, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106.
 
 
 5
 In this litigation the appellant has already applied to this Court for writs of prohibition and mandamus respectively. This Court has denied, without issuing a rule to show cause, the application in both instances. Prohibition was denied on December 7, 1954; mandamus was denied on October 6, 1955. So we are not confronted here with the question whether in an extraordinary case the appeal should be treated as an application for mandamus or prohibition. Cf. 6 Moore, Federal Practice ¶ 54.10[4], p. 93 (1953). Since the writs have been denied, that is the end of the matter so far as the extraordinary relief is concerned.[2]
 
 
 6
 We have here then a case in which the appeal comes somewhat out of the usual order, the application for the extraordinary writs having been made first. This Circuit has been very explicit in holding that an order of transfer made under section 1404(a) is an interlocutory order and not appealable. Tivoli Realty, Inc., v. Paramount Pictures, Inc., 3 Cir., 1950, 186 F.2d 120, a per curiam following the decision of the Court in Paramount Pictures, Inc., v. Rodney, supra. See authorities cited in All States Freight, Inc., v. Modarelli, supra; cf. Bankers Life & Casualty Co. v. Holland, supra, 346 U.S. at page 382, 74 S.Ct. 145. This is the view set out in 6 Moore, Federal Practice ¶ 54.12[1], p. 115; ¶ 54.14, p. 140 (1953).
 
 
 7
 This point decides the case in accordance with the motion made by the appellee to dismiss because the order of the district judge was interlocutory and not appealable.
 
 
 8
 The motion to dismiss will be granted.
 
 II
 
 9
 The appellant's second appeal has to do with the propriety of a fee allowed a guardian ad litem payable from a fund in the custody of the Court.[3] This guardian ad litem was appointed to protect the interest of minors who may have a claim to the fund. It is found as a fact that they are without means to prosecute the case themselves. The appointment was not objected to, in the first instance, by the appellant herein although he did object to the temporary appointment being made permanent.
 
 
 10
 The first question involved is whether the order appealed from is appealable at this stage. We think the answer to that question is "yes." The order directing payment disposes of a portion of the fund which is within the control of the court and, to that extent, is final in the disposition made. Two cases involving allowing fees in trust and receivership cases are directly in point. Trustees v. Greenough, 1881, 105 U.S. 527, 531, 26 L.Ed. 1157; Fahey v. Calverley, 9 Cir., 1953, 208 F.2d 197, 199, certiorari denied sub nom. Mallonee v. Fahey, 1954, 347 U.S. 955, 74 S.Ct. 680, 1100.
 
 
 11
 The second question is whether fees may properly be allowed out of the fund. The fund is the proceeds of a life insurance policy which had been deposited in the registry of the court pursuant to court decree by the insurance company. It was proper for the court to appoint a guardian to represent the interest of the minors. This is expressly provided for in rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C. If a guardian is properly appointed and renders services he certainly should be paid. The appellant urges that the matter is simply one between attorney and client and as such the person employing the attorney should pay his fee. But the minors in this case did not retain the guardian ad litem who is also the lawyer who acted as attorney at law to protect their interests. He was appointed by the court in pursuance of the court's duty to protect the interest of minors who cannot protect themselves. It is not at all like a case where an adult retains a lawyer to represent him in a lawsuit. Except in special instances the lawyer's fees are not taxed as part of the costs. But here the guardian ad litem-attorney was a court appointed officer to represent the interest of these minors with regard to a particular fund in the control of the court. We think it quite clear that compensation was to be allowed for the reasonable value of the services rendered and allowed from the fund itself.
 
 
 12
 The following language from Hunter v. Federal Life Ins. Co., 8 Cir., 1940, 111 F.2d 551, 557, is in point. The court, through Judge Sanborn, said:
 
 
 13
 "* * * So far as the guardian ad litem is concerned, the appellant had joined in the request for the appointment of such a guardian for the children. It is not suggested how his services could have been dispensed with or how he could be compensated otherwise than out of the fund deposited by the plaintiff. We think there was no lack of power and no abuse of discretion in connection with the allowance made him."
 
 
 14
 And this position is sustained by adequate authority from many courts.[4]
 
 
 15
 We do not need to face the question here whether federal or state law controls because we do not think there is any difference.[5]
 
 
 16
 The third question is whether the fees allowed were reasonable. The district court made careful findings of fact on this point. It found the amount of time the guardian had spent and the various pieces of work he had done. We have no doubt that the amount allowed was completely within the bounds of reason.
 
 
 17
 At the argument of the appeal in this Court there was a motion by the guardian for the allowance of additional compensation for services rendered on behalf of the minors in this Court and for the reimbursement of necessary expenses. We think the request is reasonable. But without proof we do not think we ought to make an order upon the point. We shall, therefore, vacate the order of the district judge and return the case to the District Court for the Western District of Pennsylvania in order that evidence may be received as to the additional services of the guardian ad litem on this appeal and also proof of his out-of-pocket expenses. Then an order can be made adding the amount so found to be reasonable to the allowance already made. This is not a reversal, however, and the costs in this Court are to be taxed to the appellant in both appeals.
 
 
 18
 The judgment of the district court in No. 11,572, 131 F.Supp. 950, is vacated and the case remanded to the district court for further proceedings in accordance with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Mutual Life Ins. Co. of New York v. Ginsburg, D.C.W.D.Pa.1954, 125 F.Supp. 920
 
 
 [2]
 See Shortt, Mandamus and Prohibition 372, 490 (London 1887); Bodenham v. Ricketts, 6 N. & M. 537 (K.B. 1836). In the Bodenham case a rule to show cause was issued and subsequently discharged. Renewal of the application for the writ was made. Affidavits stating matter not before presented to the Court, but existing at the time of the original application, were offered. The Court held that it could not open the rule
 A comparable situation is presented where a plaintiff seeks a formal remedy to which he is not entitled. He is precluded from again litigating the very question which was litigated in the prior action. See Restatement, Judgments, §§ 49 and 65 (1942).
 
 
 [3]
 Mutual Life Insurance Co. of New York v. Ginsburg, D.C.W.D.Pa.1954, 131 F. Supp. 950
 
 
 [4]
 Strunk v. United States, D.C.E.D.Ky. 1948, 80 F.Supp. 432, 435; Hawkey v. United States, D.C.E.D.Ill.1952, 108 F. Supp. 941, 946; Brown v. United States, D.C.N.D.Iowa 1949, 84 F.Supp. 489, 493; Pettus v. Hendricks, 1912, 113 Va. 326, 74 S.E. 191, 193; Tracy v. Martin, 1952, 363 Mo. 108, 249 S.W.2d 321; Hoffman v. Morgan, 1952, 206 Okl. 567, 245 P.2d 67, 70, 30 A.L.R.2d 1141; Lalakea v. Laupahoehoe S. Co., 1939, 35 Hawaii 262; but see Warner v. Florida Bank & Trust Co. at West Palm Beach, 5 Cir., 1947, 160 F.2d 766, 773; Franz v. Buder, 8 Cir., 1930, 38 F.2d 605
 
 
 [5]
 See In re Hallstead's Estate, 1940, 338 Pa. 257, 12 A.2d 912. Since 1836 guardians ad litem for minor defendants have by statute been entitled to "a reasonable compensation for their services." Pa. Stat.Ann. tit. 12, § 363. As a result of recent legislation, a guardian ad litem in the Pennsylvania Orphans' Court can be compensated from any source deemed appropriate by the judge. Pa.Stat.Ann. tit. 20, § 2080.602