The **MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,** a corporation

v.

**Bonn Kraus GINSBURG and John Paul Ginsburg, minors, Betty K. Ginsburg and Paul Ginsburg.**

Civ. A. 11521.

United States District Court
W. D. Pennsylvania.

April 9, 1957.

10. Date of the court's oral opinion.

Loyal H. Gregg, Pittsburgh, Pa., for guardian.

Paul Ginsburg, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a proceeding to vacate divers orders entered by an associate member of this court in which a motion for change of venue was granted and a motion for summary judgment refused.

1. The following communications had been written relative thereto:

"January 4, 1954

"Honorable Wallace S. Gourley,
  Chief Judge
United States District Court
New Federal Building
Pittsburgh, Pennsylvania

"Dear Wally:

For the reasons which I have indicated to you, it is my desire that the case presently styled The Mutual Life Insurance Company of New York vs. Bonn Kraus Ginsburg and John Paul Ginsburg, minors, Betty K. Ginsburg and Paul Ginsburg, Civil Action No. 11521, be reassigned. As you know a matter has arisen which I consider unimportant, but in view of it, it is best that the case should not be considered further by me.

"Thank you.

Very truly yours,
JPW:hlp          /s/ Joseph P. Willson"
* * * *

"January 12, 1954

"Honorable Wallace S. Gourley
District Court of the United States
Federal Building
Pittsburgh 30, Pennsylvania

"Dear Judge Gourley:

"I was utterly amazed when I learned yesterday from my associate, Loyal H. Gregg, that Harry Sherman and Paul Ginsburg had gone to you after the argument before Judge Willson in the case of the Mutual Life Insurance Company of New York v. Bonn Kraus Ginsburg, et al, in which case Mr. Gregg is Guardian ad litem for the minors, and therefore, an interested party, and reported to you that just prior to the argument they had seen me and Mr. Gregg leave Judge Willson's chambers.

"Reporting this fact to you implies that they believed that the subject matter of my discussion with Judge Willson had to do with the case he was about to hear.

The original petition for change of venue was refused by my associate Judge Willson, as was the motion for summary judgment.

Subsequent to said orders, petitioner raised the question of bias and prejudice on the part of Judge Willson, and as a result thereof, Judge Willson requested me as Chief Judge of this court to relieve him of said assignment. This procedure was followed and the proceeding was assigned to my associate Judge Marsh.[1]

My conference with Judge Willson pertained to a Petition which was filed that afternoon asking the Court's permission to withdraw as local counsel for the plaintiff in the case of Murdock v. Follansbee Steel Corporation.

"I know that it is unnecessary for me to tell you that at no time during our very brief discussion of my Petition with Judge Willson was the case of the Mutual Life Insurance Company of New York v. Bonn Kraus Ginsburg, et al, mentioned. I am confident that you know not only that I would not think of discussing a case privately with a Judge who was about to hear that case, but also that Judge Willson would not have listened to me had I attempted to discuss it. I have no intention of even mentioning the matter to Sherman or Ginsburg, but in deference to Judge Willson and Mr. Gregg, I felt that I should make this statement to you.

"With kindest personal regards, I am
Sincerely yours,
MEL:mt          /s/ Mahlon Lewis"

* * * *

"January 13, 1954.

"Mahlon E. Lewis
Farmers Bank Building
Pittsburgh 22, Pa.

"Dear Mr. Lewis:

"I have for consideration your letter of January 12, 1954, in which you discuss the actions of Harry Sherman and Paul Ginsburg in coming to my chambers after an argument that was heard before Judge Willson.

"You realize a member of the court has no way of knowing the nature of any matter when an attorney states to his personnel that he desires to discuss a matter of personal importance to him. When the gentlemen concerned advised me as to the nature of their problem, I informed them that I would not interject myself in any way whatsoever with the proceeding that had been assigned to

Request for rehearing was filed by petitioner and the entire matter was heard by Judge Marsh. In view of a change in circumstances as to the residence of the claimants, Judge Marsh entered two orders and a supplemental opinion, transferring the case to Arizona, Mutual Life Ins. Co. v. Ginsburg, D.C., 125 F.Supp. 920, and awarding compensation to the Guardian in the amount of $1500.00 payable out of the fund deposited in the registry of this court. Mutual Life Ins. Co. v. Ginsburg, 131 F.Supp. 950.

■ Although petitioner seeks to base his claim for relief upon the rule that judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other, Jurgenson v. National Oil & Supply Co., 3 Cir., 63 F.2d 727, 729; Price v. Greenway, 3 Cir., 167 F.2d 196, it is my judgment that the question more aptly and accurately posed is whether a judge of coordinate jurisdiction sitting in the same court on the same case, but where the circumstances have changed, can overrule the decision of an associate judge upon petition for rehearing when such associate judge voluntarily removed himself from said proceeding at the request of petitioner's counsel on his allegation of bias and prejudice.

Subsequent to the orders of Judge Marsh, petitioner filed a petition for writ of prohibition with the United States Court of Appeals for the Third Circuit seeking to restrain the enforcement of said orders, which was refused on December 7, 1954.

Subsequently, petitioner filed in the Court of Appeals a petition for writ of mandamus against Judge Marsh asserting the same matters as were raised in the petition for writ of prohibition. The petition for writ of mandamus was denied by the Court of Appeals on October 6, 1955.

Whereupon petitioner filed appeals in the Court of Appeals from both of the orders entered on December 1, 1954. On January 10, 1956, the Court of Appeals entered its decision affirming Judge Marsh on all counts. Mutual Life Ins. Co. v. Ginsburg, 3 Cir., 228 F.2d 881.

Petitioner filed motion for rehearing, which was denied by the Court of Appeals on January 30, 1956. Petitioner then filed an amended petition for writ of mandamus which was denied by the Court of Appeals on March 8, 1956.

Petitioner filed petition for writ of certiorari and an alternative motion for leave to file a petition for writ of mandamus in the Supreme Court of the

another member of the court, and that I considered their actions very irregular and grossly out of line, especially when the other party involved was not present.

"In view of the situation which arose, I believed it my duty to advise Judge Willson and this procedure was followed. As a result thereof, Judge Willson and I have concluded that the matter involved should be heard by another member of the court other than himself or myself.

"You can rest assured that I do not believe that any irregular activity was engaged in by you, and I know that the reputation and standing that you have at the bar is beyond reproach and it would be your last approach to have any thoughts enter your mind where you would endeavor directly or indirectly to involve a member of the court in any litigation in which you might be interested.

"I am very glad that you communicated with me and you can rest assured that the

members of the court hold you and Mr. Gregg in the highest esteem.

"With highest personal regards, I remain.

"Sincerely yours
/s/ Wallace S. Gourley"

* * * *

"January 13, 1954
"Honorable Joseph P. Willson
United States District Judge
New Federal Building
Pittsburgh 19, Pennsylvania

"Dear Joe:

"I am enclosing herewith copy of letter written to Mahlon E. Lewis, Esq., in connection with the Sherman and Ginsburg incident.

"Very truly yours
/s/ Wallace S. Gourley
"Enc."

United States. This petition was denied by the Supreme Court on June 11, 1956, Ginsburg v. Gregg, 351 U.S. 979, 76 S.Ct. 1050, 100 L.Ed. 1495. Petitioner then filed a petition for rehearing in the Supreme Court of United States and subsequently filed an appendix to this petition. On October 8, 1956, the Supreme Court denied the petition for rehearing, 352 U.S. 813, 76 S.Ct. 26, 1 L.Ed.2d 71.

After the Supreme Court had refused the petition for writ of certiorari on June 11, 1956, the Court of Appeals for this Circuit refused to stay the mandates any longer, notwithstanding petitioner's request to do so. The mandates were issued to this court on July 2, 1956.

In its opinion the Court of Appeals affirmed Judge Marsh's order awarding the Guardian compensation in the amount of $1,500; it concluded that the petition for additional compensation was reasonable but refrained from making an order appertaining thereto without additional evidence. It therefore remanded the case to this court for a hearing upon the Guardian's request for additional compensation.

Although the Guardian has spent considerable time in services for the minors both before and after the appeals in the Court of Appeals, the Guardian has filed a petition in this court waiving any right to additional compensation and requesting that the original orders of December 1, 1954 be enforced.

I must conclude that petitioner's motion to vacate the orders of Judge Marsh are without merit for two apparent reasons:

1. At the time that Judge Marsh entertained the motion for transfer, the parties to the litigation had established a new legal residence other than that which existed at the time Judge Willson entertained a similar motion, and the factual circumstances had consequently changed, which would justify the conclusion that one judge had not overruled another judge on the same facts.

2. Assuming, however, that the facts were identical, and one judge of coordinate jurisdiction sitting in the same court and in the same case had overruled the decisions of another judge, this Circuit has recognized extraordinary and exceptional circumstances under which the rule is not applied. Such circumstances exist when the judge who made the original decision is not available to consider the application to rehear and reverse his decision. TCF Film Corporation v. Gourley, 3 Cir., 240 F.2d 711. If the judge who made the decision disqualified himself, he obviously is not longer available to reconsider such matters and such reconsideration must perforce be by another judge if it is to be had at all.

For the reasons stated, petitioner's motion to vacate the orders of Judge Marsh will be refused, and the Clerk of Courts will be directed to transfer said action to the State of Arizona.

An appropriate order is entered.