**Paul GINSBURG, Plaintiff,**

v.

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a mutual life insurance company, Defendant.**

United States District Court
S. D. New York.

July 28, 1958.

Paul Ginsburg, pro se, Robert E. Hoppman, New York City, for plaintiff.

Haughton Bell, New York City, for defendant

BICKS, District Judge.

This Court on June 27, 1958 ruled in favor of defendant and against plaintiff [1] on certain motions, hereinafter referred to. Feeling himself aggrieved by said rulings, plaintiff petitioned the Court of Appeals for writs of mandamus and prohibition. Said applications, as well as a subsequent petition for rehearing, were denied. He now moves, in effect,[2] for reargument of the motions previously decided.

To clarify the present posture of the case a review of the multifarious proceedings to date is indicated.

On April 7, 1953, plaintiff's brother died, leaving him surviving, among others, plaintiff and two infant children. Defendant insurance company had issued policies of insurance upon the life of the deceased which, at the time of his death, were in full force and effect. The disposition to be made of the proceeds of these policies as between plaintiff and his brother's children has occasioned the suits detailed below.

---

1. Plaintiff, a member of the Pennsylvania bar, appears *pro se*.

2. The motion is described by plaintiff as "Plaintiff's Motion, upon Reconsideration, to Open and Vacate Order entered June 27, 1958, and for Summary Judgment."

1. On May 6, 1953 deceased's infant children, by a guardian *ad litem* filed suit in the United States District Court for Arizona, Phoenix, Arizona Division, against Paul Ginsburg, plaintiff herein, and the defendant Mutual Life Insurance Company of New York. The suit was later dismissed as to Paul Ginsburg for lack of jurisdiction over his person.

2. On May 11, 1953 the complaint in the instant action was filed in this Court by Paul Ginsburg, naming the Mutual Life Insurance Company of New York as the sole defendant.

3. On May 16, 1953 the insurance company instituted an interpleader action in the United States District Court for the Western District of Pennsylvania naming as defendants the plaintiff herein and the two minor children and depositing in the registry of that court the proceeds of the insurance policies. In said action a temporary restraining order was issued on June 16, 1953 succeeded by a permanent injunction on September 11, 1953, entered on plaintiff's consent, providing *inter alia:*

"2. That the defendants, their attorneys and agents be and each of them are hereby jointly and severally permanently enjoined and prohibited from prosecuting the pending actions instituted by them in the United States District Court for the Phoenix, Arizona Division, File No. 1882 Phx., and United States District Court for the Southern District of New York, File No. 85–33 [the instant action] and from instituting or prosecuting any other action, suit or proceeding in any court whatsoever other than this suit for or on account of the amounts payable under or in any way connected with insurance policies Nos. 6, 149, 400 and 6, 149, 401 issued by the Mutual Life Insurance Company of New York and from assigning said policies or any rights thereunder."

In an opinion dated June 11, 1954 together with a supplemental opinion of December 1, 1954,[3] D.C.W.D.Penn.1954, 125 F.Supp. 920, the interpleaded action together with the interpleaded fund was ordered transferred to the United States District Court for the District of Arizona. Plaintiff agressively resisted this transfer[4] but despite multitudinous ap-

3. Judge Marsh heard the motion in that case after Ginsburg raised the question of bias and prejudice of another judge in a "very irregular and grossly out of line" fashion, D.C.W.D.Penn.1957, 150 F.Supp. 344, 346.

4. a. After Judge Marsh had ordered the transfer Ginsburg filed a petition for a writ of prohibition with the United States Court of Appeals for the Third Circuit requesting that the enforcement of said order be restrained. This petition was denied on December 7, 1954.

b. Ginsburg then filed a petition for writ of mandamus in the Court of Appeals asserting the same matters as were raised in the first petition. This petition was also denied.

c. He then appealed from the order of Judge Marsh which appeal was dismissed on January 10, 1956. 3 Cir., 1956, 228 F.2d 881.

d. Ginsburg next brought on a motion for rehearing which was denied by that court on January 30, 1956.

e. An amended petition for writ of mandamus was likewise denied on March 8, 1956.

f. Ginsburg then filed a petition for writ of certiorari with the United States Supreme Court and an alternative motion for leave to file a petition for a writ of mandamus. These requests were denied. Ginsburg v. Gregg, 1956, 351 U.S. 979, 76 S.Ct. 1050, 100 L.Ed. 1495.

g. A petition for rehearing was denied. 1956, 352 U.S. 813, 77 S.Ct. 26, 1 L.Ed.2d 71.

h. A motion by Ginsburg to file a second petition for rehearing was also denied. 1957, 355 U.S. 875, 78 S.Ct. 114, 2 L.Ed.2d 79.

i. On May 29, 1957 the interpleader proceeding and the interpleaded fund were transferred to the United States District Court for the District of Arizona.

j. A motion by Ginsburg to retransfer the case to Pennsylvania was denied on February 13, 1958 by Chief Judge Gourley.

plications it was ultimately effected on May 27, 1957.

This action appeared on the review calendar on December 6, 1957 [5]. Plaintiff was informed that he must procure the vacatur of the injunction issued out of the District Court in Pennsylvania or suffer this suit to be dismissed. An order was entered which provided that: "the Plaintiff shall file a note of issue for trial, or take other action to obtain a determination of the above entitled action within 120 days from the date of this order, * * *." In spite of the continuance of the injunction against prosecution of the suit plaintiff filed a note of issue.

On May 15, 1958 there came on to be heard for argument plaintiff's motion for summary judgment and defendant's "Cross Motion for Order Directing That Injunction of Another United States District Court Be Made the Order of This Court and That the Action Should Not Be Placed on Any Trial Calendar." On the argument the outstanding injunction against prosecution of this suit was called to the attention of this Court. The Court treated the affidavits submitted on behalf of the defendant, which incorporated and had attached thereto a certified copy of the restraining order, as its answer pursuant to Rule 6(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff's motion for summary judgment based upon the alleged default of the defendant in pleading, was, perforce, denied.

Plaintiff's assertion that the restraining order is not in full force and effect is supported only by his conclusory allegations to that effect. A transfer of the cause from one district to another does not vitiate orders made prior to the transfer. "All further proceedings in it are merely referred to another tribunal, leaving untouched whatever has been already done." Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866, 868.

There are no suggestions in the moving papers which, if previously called to the attention of the court would have required a different determination. Under the circumstances the motions are denied.

So ordered.

---

k. On February 20, 1958 the Court of Appeals for the Third Circuit denied Ginsburg's petition for a writ of mandamus directed to Chief Judge Gourley.

The situation regarding these suits at the date hereof is, therefore: the suit commenced in the Arizona District Court and the instant suit have been stayed; the interpleader action has been transferred to the United States District Court in Arizona and is, at present, the only suit in which the parties may litigate their rights to the proceeds of the insurance policies.

5. One of the principal purposes of the review calendar is to remove "dead wood" from the dockets of this Court.